## No. 10,659.

### INDUSTRIAL COMMISSION, ET AL. *v.* ELKAS.

Decided June 4, 1923.

Proceeding under the workmen's compensation act. Claim disallowed by the industrial commission. Finding reversed in district court.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Limitation.* The question of whether a suit is brought to review an award in a workmen's compensation case within the time limited by the act, is one of limitation and must be pleaded by the party raising it.

2. *Award—Insufficient Evidence.* The award in a workmen's compensation case is to be treated like the verdict of a jury, and set aside by the courts when there is no evidence to support it.

3. *Award—Review.* While the courts are only permitted to consider questions of law in workmen's compensation cases, whether an award is supported by evidence, is such a question and may be considered on review.

4. APPEAL AND ERROR—*Sufficiency of Evidence.* Record in a workmen's compensation case reviewed and held to contain no evidence supporting the award of the industrial commission.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. RUSSELL W. FLEMING, attorney general, Mr. JOSEPH P. O'CONNELL, assistant, Mr. FRANK C. WEST, for plaintiffs in error.

Mr. N. C. CALOGERAS, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission disallowed the claim of Domka Elkas on the death of one John Denney, who, she claimed was Christos Demetriou Elkas, her brother, on whom she was dependent. The usual suit for review was brought in the district court where the commission's finding was reversed and the case is brought here for review.

Plaintiffs in error state that the suit in the district court was not begun within the statutory time, twenty days after the award, and therefore that the district court had no jurisdiction. It is not a question of jurisdiction but a question of limitation. The law provides that no suit shall be brought on a promissory note unless within six years after its maturity, but no one doubts that the court where such a suit is brought has jurisdiction over it. This provision, then, of the Industrial Commission Act being a limitation merely, should be pleaded in the court below. It was not done in this case.

The district court set aside the award, as the judge said, "being mindful of the fact that this court has no power to interfere with the finding of the Industrial Commission where there is evidence to support it, that the legislature has entrusted to the commission the determination of questions of fact that it is only under circumstances that would justify a court in granting a new trial" after a verdict that it should set aside the commission's award.

This raises a question which has never yet been directly before us. Is the district court, under the Workmen's Compensation Act, to treat the award like the verdict of a jury, not to be set aside when there is legal evidence

to support the finding but to be set aside when there is not such evidence?

We have considered this matter in department and then before the full court and are all of one mind in the affirmative.

Suppose the Commission should make an award with no evidence; certainly we could not let it stand any more than if it were a verdict. Suppose it were made on evidence so weak that it would amount to no evidence? The answer must be the same.

The opinion and findings below show and state that that court regarded the evidence for the respondents as of no force and that of the claimants as conclusive. This being so we cannot doubt that it was his duty to set aside the award. We have intimated as much in *Kokotovich v. Industrial Com.*, 69 Colo. 572, 574, 195 Pac. 646; *Passini v. Industrial Com.*, 64 Colo. 349, 171 Pac. 369; *Employer's Ins. Co. v. Morgulski*, 69 Colo. 223, 193 Pac. 725.

We, in this court, in matters of this kind, are permitted to consider only questions of law, but it is familiar that the question whether the verdict is supported by evidence is a question of law and the same must be true of an award; we must conclude, therefore, that the district court had power to do what it did and that we have power to consider the same matter.

Was the district court's decision right? There can be no question that it was. It was undisputed that the claimant was dependent on her brother, and that he went by the name of John Denney in America. The sole point in dispute was whether John Denney, the deceased, was the same person as John Denney or Christos Demetriou Elkas, the brother of the claimant. We shall not discuss the evidence showing that he was, except to say that it was definite, unequivocal and conclusive. The evidence to the contrary was hearsay and taken at its best only showed that John Denney, the deceased, had made some statements concerning himself inconsistent with facts shown to be true concerning John Denney, alias Christos Demetriou

Elkas, the brother of the claimant, e. g., that he had been married and had lost his wife, which was not true of claimant's brother, and that he had a son living with him, which was not true of the brother but neither was it true of the deceased. There was no evidence whatever to identify the deceased with any John Denney other than that John Denney who was Christos Demetriou Elkas, nor in fact with anybody else. The evidence for the respondents must be regarded as no evidence.

Judgment affirmed.