No. 10,737.

COLORADO CONTRACTING CO., ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided November 5, 1923.

Proceeding under the workmen's compensation act. Judgment for claimants.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Course of Employment.* Evidence reviewed, and employe held to have been killed while in the course of his employment, although at the time of the accident he was making his way along the line of work it was his duty to patrol, for the purpose of boarding a street car and going to his home.

2. *Course of Employment—Burden.* It being in evidence that an employe was at work in the course of his employment preceding the time of his accident, it was for respondents to show he had left it when the accident occurred, the defense being that he was not in the course of his employment when killed.

3. *Review—Evidence.* It being contended, in a workmen's compensation case, that the award is unsupported by the evidence, it is proper for the appellate court to review the evidence for the purpose of determining that question.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. LOUIS B. COHEN, Mr. JOHN S. FINE, for plaintiffs in error.

Mr. RUSSELL W. FLEMING, Attorney General, Mr. JOSEPH P. O'CONNELL, Assistant, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission awarded compensation to Gladys Smith and her infant son, Melvin Edwards Smith, for the death of her husband, Clarence E. Smith. The district court affirmed the award. The employer and the insurer bring up the case for review.

We think the district court was right. The question is whether deceased was in the course of his employment when he was killed. The employer was engaged in laying cement paving between Manitou and Colorado City. Smith's duty was to watch and patrol the line of work from dusk till dawn. August 15, 1922, at about 7 o'clock at night, while running south with the avowed purpose of boarding an eastbound street car to go home, he fell in front of the car and was killed. The line on which the car was moving ran on the street along which his duties lay and so continued for some distance toward the east from the place of the accident. It is claimed by the employer that since it was Smith's purpose to take this car to go home to supper he thereby had separated himself from his work and so was no longer in the course of his employment. The court below, however, points out that even though it was true that he was going home to supper, and even assuming that he would ordinarily be out of the course of his employment in so doing, yet in this case, for some distance, say half a mile, on his way home, he would have ridden along the line of his own work, and could have viewed it as if he were on foot and therefore he need not necessarily be said to have ceased his work until the street car left the street upon which that work lay. We do not see how this argument can be answered and it renders im-

material the question whether the deceased was in the course of his employment immediately before the accident, when he went to a filling station to order kerosene for his employer, and makes it certain that *Industrial Commission v. Anderson,* 69 Colo. 147, 169 Pac. 135, L. R. A. 1918F, 885, does not control this case.

Counsel urge very earnestly that there is no evidence to support the theory that Smith was going to look at the work as he rode on the car. That seems to us a mistake. There is evidence that he was on the work and it was for the respondents to show that he had left it. That was not done. If he could not perform all of his duties while on the car he could perform part of them. We cannot conclude against the award, that he had quit work while he was still on the premises and in a position to do part of it. Suppose that instead of trying to take the car he had walked along the same street on his way to supper, would he not still be in the course of his employment till he turned from that street on his way home?

It is claimed that the district judge had no right to go beyond the findings of the commission into the evidence to say that deceased might inspect from the car. Again counsel is mistaken. One question before that court was whether the award was supported by any evidence. That was a question proper for consideration. *Industrial Commission v. Elkas,* 73 Colo. 475, 216 Pac. 521. To answer it the court must review the evidence and the above mentioned suggestion of the judge was made to show that the award was not without evidence.

Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.