## No. 11,622.

### INDUSTRIAL COMMISSION, ET AL. v. AHEL.

Decided September 27, 1926. Rehearing denied October 25, 1926.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Reversed.*

1. WORKMEN'S COMPENSATION—*Dependency—Father.* The father of an employe to be a dependent under section 8, p. 737, S. L. '23, must have been wholly or partially supported by the son at the time of his death and for a reasonable period of time immediately prior thereto.

2. *Dependency—Reasonable Time.* The question of what is "a reasonable period of time" as that phrase is used in section 8, p. 737, S. L. '23, is one of fact for the commission, whose finding thereon will not ordinarily be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. William L. Boatright, Attorney General, Mr. Jean S. Breitenstein, Assistant, for plaintiffs in error.

Mr. Ernest Morris, for defendant in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

The claimant is the aged father of Adam Ahel who was killed July 9, 1923, in the Smuggler mine, San Miguel county. The commission, two to one, denied compensation on the ground that dependency was not shown; the district court set aside that decision on the ground that there was no evidence to support it, because the unquestioned evidence showed that the claimant was partially dependent on deceased for support. *Industrial Com. v. Elkas,* 73 Colo. 475, 216 Pac. 521. The commission comes here for a review.

The district court was wrong. Under the statute, S. L. 1923, p. 737, to constitute a dependent, the claimant must have been "wholly or partially supported by the deceased employe at the time of his death and for a reasonable period of time immediately prior thereto." This was not shown.

There is no conflict in the evidence, which is all by deposition. It is that some time in 1921 the deceased sent his father one hundred dollars. He came to America in 1902, and from that time till 1921 sent home about 2,000 dinars which, at present exchange, is about $20. That the father is very poor, and was, at the son's death, about seventy-seven years old and able to do but little work. On this evidence the commission found as follows: * * * "The decedent had sent no money to his father during the year before his accident" * * * . "The commission therefore finds that the father, Luke Ahel, was not dependent upon the decedent for his support."

The district court could not question this finding because the evidence shows the fact as to sending money, and the finding, which is necessarily implied, that there was no support at the death or for a reasonable time immediately theretofore, is a reasonable deduction from that fact. There was, then, evidence to support the denial of compensation.

The evidence, indeed, does not justify a finding of less than a year and a half, and would justify a finding that the son had sent nothing for two and a half years before his death. The effect, then, of the court's decision is to hold as a matter of law that two years and a half before death is a reasonable time within which contributions to support make the recipient a dependent and that the commission has no power to find to the contrary. It is a question of fact and it is for the commission to say what length of time is reasonable under the statute, and, as in case of a jury, the occasion must be extraordinary before the court can interfere. *Industrial Com. v. Elkas, supra.*

The judgment is reversed with directions to affirm the award of the commission.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.