## No. 12,159.

Tavenor *v.* Royal Indemnity Co., et al.

Decided October 29, 1928.   Rehearing denied November 26, 1928.

Mr. R. C. Hecox, for plaintiff in error.

Mr. H. Berman, Mr. Fred N. Holland, for defendants in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Proceeding brought under our Workmen's Compensation Act by Ruth G. Tavenor, widow of Richard Tavenor, deceased, claiming compensation for the death of her husband, an employee of the Western Steel Products Company, whose death was caused by an accident arising out of and in the course of his employment by the Steel Products Company. Upon final hearing the commission awarded to the claimant the maximum amount in such cases, $3,750, payable monthly at the rate of $52.08 per month until fully paid. The award was contested not only by the employer but by the Royal Indemnity Company, its insurer, which was a party to the case, but on three separate hearings the commission finally approved and confirmed the same on July 30, 1927. The insurance company made several monthly payments upon the award, but stopped further payments when it learned that Mrs. Tavenor had remarried on October 20, 1927. The insurance company advised the Industrial Commission of this marriage and asked for permission to suspend further payment of compensation. Later and on December 19, 1927, Mrs. Tavenor, the claimant, filed an application with the commission for a lump sum settlement and payment instead of the monthly payments as fixed in the original award. There is a dispute between these parties as to whether this application was made under section 4429 C. L. 1921, being section 55 of the Act of 1919, or under section 4456 of the Compiled Statutes, being section 82 of the Act of 1919. It is well at the outset to reproduce these sections as they will be referred to at different places in the opinion.

Section 55. "In the case of remarriage of the husband or wife of a deceased employee, without children, he or she shall receive, at the time of marriage a lump sum settlement without commutation equal to one-half of the amount of compensation then remaining unpaid."

Section 82. "At any time after six months have elapsed from the date of the injury, the commission may, in the exercise of its discretion, after five days prior notice to the parties, order payment of all or any part of the compensation awarded in a lump sum, or in such manner as it may determine to be for the best interests of the parties concerned, and its discretion so exercised shall be final and not subject to review."

We think that section 55 is applicable to the case before us, and that it was under this section that the application for a lump sum by Mrs. Tavenor was in fact filed.

On February 1, 1928, the insurance company and the employer filed their complaint in the Denver district court to set aside the final award of the Industrial Commission, naming as defendants the commission and the claimant Tavenor, and the only defense interposed by the attorney general, representing the Industrial Commission, was a tendering of the records and files before the commission as a defense to the matter set forth in the complaint, asserting that the award was made upon the findings of facts by the commission in accordance with the law relating thereto and that the award was supported by such findings. The attorney general also, when the case was brought here for review, declined further to represent the commission or to file a brief, whereupon the claimant, with the attorney general's consent, made the Industrial Commission a party to the action, and represents here the commission and the claimant. The answer filed by counsel for the claimant consists of three separate defenses, the first of which consists of admissions of certain allegations of the complaint and denials and explanations as to others; the second defense is a

plea of estoppel by conduct of the insurance company by reason of a recognition of the award by several payments thereunder. The third defense was upon an alleged contract of the insurance company to pay the award. The district court refused the offer of the defendants to produce evidence upon the second and third defenses of the answer, holding that the scope of the inquiry was limited to the record of the Industrial Commission certified to the district court as the judgment roll, and that it could not hear evidence or decide such issues as the alleged estoppel and the contract. It found that section 55 of the Workmen's Compensation Act of 1919 was repealed by necessary implication by section 10 of chapter 201 of the Sessions Laws of 1923, page 739, said section 10 reading: "That section 58 of said act be amended to read as follows: Section 58. Death benefits shall terminate upon the happening of any of the following contingencies and shall thereupon survive to the remaining dependents, if any, to-wit: (a) Upon marriage. (b) Upon the death of any dependent."

The Tavenors had no children. Mrs. Tavenor was the only beneficiary of her husband. By comparing section 58 as thus amended with section 55 of the Act of 1919 above set out at length, it is more than apparent, it is convincing, that there is an irreconcilable conflict between the two provisions. Under section 55 in the case of remarriage of a husband or wife of a deceased employee, without children, he or she shall receive, at the time of marriage, a lump sum settlement without commutation equal to one-half of the amount of compensation then remaining unpaid; whereas, by section 58 as amended in 1923, it was expressly provided that death benefits terminated upon the marriage of the beneficiary. As there were no dependent children in this case, Mrs. Tavenor's death benefits under this award terminated upon her marriage or remarriage on October 20, 1927. We are aware of the general rule that repeals by implication are not favored. It may also be true, as suggested,

that our legislative body did not expressly repeal section 55 as it might have done when in 1923 it amended section 58 by taking away death benefits upon the remarriage of the beneficiary. That would have been a safer course doubtless, but, as stated, it is impossible to reconcile these two sections and give effect to both of them. If the death benefits of Mrs. Tavenor terminated upon her marriage, four months after the death of her former husband, there being no surviving children, and such unquestionably is the case to which section 58 applies, then it is apparent that under section 55, if it applies to this case, Mrs. Tavenor was entitled to death benefits equal to one-half of the amount of the original compensation then remaining unpaid. Counsel for Mrs. Tavenor here makes a long and elaborate argument based upon various sections of the Workmen's Compensation Act and upon general principles of law whose purport is to show that there is no irreconcilable conflict between these two sections. It seems to us that the mere reading of the two sections is a complete answer to the argument. The opinion of the district court in deciding the case is brought up in the record and it is a compact, concise and logical statement of its reasons for holding these two sections irreconcilable and that the latest in time of enactment prevails and governs, and we might have contented ourselves in disposing of this case by reproducing the opinion of the trial judge.

The Industrial Commission in its order or award made on January 4, 1928, referred to section 55 of the Compensation Act as the one under which it was proceeding, and on the 9th of January following, in reaffirming the award of January 4, in referring to the contention of the parties resisting the award, that section 58 of the act is controlling in this case, said, in the absence of a Supreme Court decision as to the prevailing law of the two sections, the commission feels that it should uphold the requirements of section 55. We refer to this statement of the commission for the purpose of showing that its final award was

made allowing a lump sum settlement on the theory that section 55 was the section under which the claimant was proceeding, while the employer and insurer were insisting that section 58, as amended in 1923, was controlling. We have already held that the latter section as amended is controlling in this case.

Claimant is unquestionably in error in asserting that she had the right to have the district court pass upon her plea of estoppel and defense of a contract between the parties by which the insurer promised to pay the award, notwithstanding section 58 as amended had taken away the right. The Workmen's Compensation Act, in chapter 80, C. L. 1921, provides for the procedure thereunder. Section 4473, C. L. 1921, gives to any party to a proceeding under the act, who is dissatisfied with the award of the commission or any finding made by it, the right and authority to bring an action in the district court against the commission as defendant to modify or vacate the same. He is required by section 4475 to file a complaint in the action which must state the grounds upon which a review is sought. The commission is required to file its answer within a designated time and it must make a return to the court of all documents and papers on file in the matter, and of all testimony which may have been taken and a certified copy of its award. This return of the commission, when filed in the office of the clerk of the district court, constitutes the judgment roll in such action. The section thus further proceeds: "Such action may be thereupon brought on for hearing before said court on such record." It thus appears that the hearing in the district court is restricted to the record as thus certified by the commission and the court has no power or right to frame and try new or different issues or hear evidence. Its decision must be based upon the judgment roll as thus certified. Section 4476 provides that, if upon the trial in the district court it appears that all issues arising in such action have not theretofore been presented to the commission in the petition filed, or that the

commission has not theretofore had ample opportunity to hear and determine any issues raised in such action, or has for any reason not in fact heard and determined the issues raised, the district court, before proceeding to render judgment, unless the parties stipulate to the contrary, shall transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings until such issues are heard by the commission and returned to said court. The record now before us does not indicate that the claimant in the district court availed herself of her rights under this section to have proper issues, if any, that were not considered by the Industrial Commission, referred to that body by the district court. If upon the remanding of this cause to the district court, the claimant wishes to avail herself of the provisions of section 4476, if she has not waived or forfeited her right, she might, if entitled to be heard with her request, seek of the district court such appropriate orders as it might make. It would be improper for us to make any direction with respect thereto or even to indicate what particular steps the claimant should take. We refer to this section 4476 for the purpose chiefly to emphasize the statement we have already made that in the record now before us and as it appeared in the district court, the claimant was not entitled to have her second and third defenses considered at that trial. What rights, if any, the claimant still has must be determined, in the first instance, at least, by the district court.

The judgment of the district court was right and it is affirmed.