No. 12,813.

INDUSTRIAL COMMISSION ET AL. *v.* PAPPAS.

(1 P. [2d] 919)

Decided July 27, 1931.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. AR-THUR L. OLSON, Assistant, Mr. FRANK C. WEST, for plaintiffs in error.

Mr. JACOB V. SCHAETZEL, Mr. JOHN H. DENISON, for defendant in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE Industrial Commission, the Pinnacle-Kemmerer Fuel Company and the Employers' Mutual Insurance Company seek the reversal of a judgment of the district court vacating the commission's award denying W. J.

Pappas compensation for the permanent total loss of vision in his left eye, and remanding the case to the commission for further proceedings.

On four occasions, while working underground as timberman for the fuel company, Pappas met with accidents. On November 4, 1926, he was hit in the right eye by a piece of coal. On January 20, 1927, he was hit in the left eye by a piece of coal. These two injuries may be dismissed from consideration. The injuries were slight, and no claim was made on their account. On January 31, he was hit in the left eye by a piece of coal. He lost no time on account of this accident, but continued to work, making no claim based thereon. The fuel company's physician examined Pappas on April 16, and found his eyesight to be normal. There was no evidence of any trouble with his eyesight until after an accident occurring on June 29, at which time Pappas was struck in the left eye by a rock. He quit work and had his eye treated at once. He remained away from work about eight days. When he returned he was given a position as watchman at wages lower than he received as timberman. He promptly filed a claim based upon the injury to his eye resulting from the accident on June 29. On December 21, 1927, the commission found that his injury "consisted of being struck by a rock in the left eye" on June 29, 1927, and that his permanent disability caused by that accident "consists of a 10% loss of vision in the left eye." Pappas was awarded compensation for 10.4 weeks at the rate of $12 per week. The commission retained jurisdiction of the claim "until the same is finally and fully closed." All the parties in interest acquiesced in both the findings and the award, and the award was paid in full. Thereafter the disability increased from a disability of ten per cent to total blindness in the left eye. On April 11, 1930, the commission reopened the case and a further hearing was had. The commission, on July 9, 1930, found as follows: "That by reason of his accident of June 29, 1927, the claimant

sustained a 10% loss of vision in left eye, and has heretofore been compensated in that amount. Prior to that time and on January 31, 1927, the claimant sustained another and separate accident. He continued work following this earlier accident and filed no claim for compensation thereon, nor did he mention the accident of January 31, 1927, in the claim for compensation filed for the accident of June 29, 1927. He did not mention the former accident in the testimony taken at his hearings. The present claim for compensation for total loss of vision which is based primarily upon the claim and accident of January 31, 1927, is therefore barred by the statute of limitations and the claim for compensation must be denied, solely for the reason that this man failed to file his claim for compensation within the time required by law.'' Further compensation was disallowed. On August 7, the case was reopened to establish the date of the accident causing the loss of vision. The hearing was held September 24. On October 25, the commission found that the loss of vision was due to an accident occurring on January 31, 1927, and denied compensation on the ground that no claim therefor was filed within the period required by the statute of limitations. As a matter of fact, Pappas never made any claim based upon the accident that occurred on January 31.

That Pappas suffered a total loss of vision in his left eye is admitted by the plaintiffs in error. That such disability resulted from an accident occurring while Pappas was performing work in the course of his employment is established by the unchallenged finding of the commission. The only controversy between counsel is over the date.

That there was a mistake as to the date is beyond question. Dr. William H. Crisp was appointed by the commission to examine Pappas. He asked Pappas the date of the accident. Not being able to recall the exact date, Pappas went to the Denver office of the fuel company and asked the president, Mr. Marchant, for the

date. The latter telephoned to the mine, and in a day or two handed Pappas a slip of paper, which Pappas delivered to the doctor. Pappas did not read the paper, but it had on it the date, January 31, 1927. The doctor inserted that date in his report as the date of the accident. In describing the injury for which he was making his claim, Pappas told the doctor that he was struck in the left eye by a rock. That was what occurred on June 29. It did not occur on January 31; on that date he was struck by a piece of coal. In other words, Pappas described the accident of June 29, and the doctor correctly stated in his report and in his testimony the cause of the accident that occurred on June 29, as described by Pappas and in the fuel company's report of the accident, but, misled by the wrong date furnished by the employer, gave January 31, instead of June 29, as the date of the accident. It is not claimed that the mistake was otherwise than an innocent one. No doubt the clerk at the mine saw an entry to the effect that Pappas had an accident on January 31—as in fact he had—and without further investigation, reported that date to the Denver office. The only medical testimony that the condition of the eye was due to the accident was given by Dr. Crisp; and, notwithstanding the mistake in the date, the commission, as we have seen, found, on December 21, 1927, that Pappas' ten per cent disability was caused by his being struck in the left eye by a rock on June 29. The award based upon that finding became final and was paid in full. Later, when the disability had increased from ten per cent to one hundred per cent, and the case was reopened, the commission requested Dr. Crisp to make another examination. He did so twice, but, relying upon his original notes, he carried forward into his second and third reports the erroneous date, January 31. Attention being called to the date, the commission made its award of July 9, 1930, quoted above, denying further compensation. At the hearing held on August 7, to determine the exact date, the facts above detailed concerning the mis-

take about the date and the manner in which it occurred were established by the uncontradicted testimony of Pappas, Crisp and Marchant.

In the circumstances, the fact that Dr. Crisp at first gave January 31 as the date does not create such a conflict in the evidence as would call for the application of the rule that a finding of the commission upon conflicting evidence is conclusive. In effect, the evidence concerning January 31, explained and practically eliminated by uncontradicted evidence, amounts to no evidence. The case comes within the rule stated in *Industrial Commission v. Elkas,* 73 Colo. 475, 216 Pac. 521; *Colorado Contracting Co. v. Industrial Commission,* 74 Colo. 206, 219 Pac. 1075; *Industrial Commission v. Hover,* 82 Colo. 335, 259 Pac. 509.

The judgment is affirmed.

MR. JUSTICE MOORE did not participate.