## No. 13,666.

Industrial Commission et al. *v.* Dorchak.

(47 P. [2d] 396)

Decided June 24, 1935.

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, for plaintiffs in error.

Mr. WILLIAM O. PERRY, Mr. EDWIN A. WILLIAMS, for defendant in error.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THIS is a proceeding under the Workmen's Compensation Act. The plaintiffs in error will be referred to in this opinion respectively as the commission, the employer and the insurance company, and the defendant in error will be designated as claimant.

On January 17, 1934, the commission by a supplemental award affirmed a former supplemental award of date December 22, 1933, denying compensation. The material part of the supplemental award of December 22, 1933, is as follows: ''Claimant was injured on September 3, 1932, while attempting to move a case containing one dozen quart bottles of milk. He slipped, and fell backwards to the pavement, the case striking his chest. He did not leave his employment until October 4, 1932. His injury was to his chest, cervical region of the spine, and back of his head. On October 4, 1932, Claimant became paralyzed and he has been permanently and totally disabled since that date. He filed his claim for compensation with this Commission on March 13, 1933. His average weekly wages were $15.34.

"The Commission finds from the evidence that Claimant's condition is not the result of an accidental injury sustained on or about September 3, 1932, but that his said accident was the result of his then condition, which grew progressively worse until October 4, 1932.

"It is therefore ordered: That Claimant's claim for compensation and medical benefits be, and the same is hereby denied."

On February 6, 1934, complaint was filed in the district court by the claimant, attacking the foregoing award of the commission and assigning as one of the grounds, that the commission had not found the facts under one of the issues in the case, namely, whether claimant's condition at the time of the accident on September 3, 1932, was aggravated by the injury sustained on that date. There was evidence on the part of the claimant that he had worked continuously and that his health had been good. The medical evidence, the employer and the insurer claim, shows conclusively that claimant was afflicted with a multiple sclerosis, or creeping palsy, and that the paralysis which resulted on October 4, 1932, following the injury that he sustained, was caused by the multiple sclerosis and not by the injury.

Upon hearing in the district court the order made by the court so far as here material was as follows: "This cause having heretofore been taken under advisement at the conclusion of trial to Court, and the Court being now sufficiently advised in the premises, doth now find the issues herein in favor of the plaintiff and against the defendants. That the Industrial Commission should determine in view of claimant's condition prior to the accident whether or not the accident in which the claimant was injured aggravated the claimant's condition to such extent that he is or is not entitled to compensation under the Workmen's Compensation Act.

"This case is therefore remanded to the Industrial Commission of the State of Colorado with directions to re-open the above entitled cause for such other and fur-

ther proceedings it may deem proper, and to amend its finding and award of December 22, 1933, in accordance with the views herein expressed by the Court in its Opinion and Finding of Court entered on the 27th day of December, 1934.'' This order was entered pursuant to an opinion and finding of the trial court which appears in the files of the case, and is consistent with that opinion and finding.

On the entry of the foregoing order, the commission, the employer and the insurance company assign error, and the claimant assigns cross-errors, none of which, in the view we take of this cause, will it be necessary for us to consider.

It will be observed that the district court ordered the cause back to the commission for its determination as to whether the injury of which complaint is made aggravated a preexisting diseased condition. In so doing we think the trial court was acting clearly within its powers under section 4476, C. L. 1921, which is as follows: ''If upon trial of such action it shall appear that all issues arising in such action have not theretofore been presented to the commission in the petition filed as provided in this act, or that the commission has not theretofore had an ample opportunity to hear and determine any issues raised in such action, or has for any reason, not in fact heard and determined the issues raised, the court shall, before proceeding to render judgment, unless the parties to such action stipulated to the contrary, transmit to the commission a full statement of such issue or issues not adequately considered, and shall stay further proceedings in such action until such issues are heard by the commission and returned to said court. Upon receipt of such statement, the commission shall hear and consider the issues not theretofore heard and considered, and may alter, affirm, modify, amend or rescind its finding, order or award complained of in said action, and it shall report its action thereon to said court within a reasonable time after its receipt of the statement from the court. The

court shall thereupon order such amendment or other proceeding as may be necessary to raise the issues as presented by such modification of the finding, order or award as may have been made by the commission upon the hearing, if any such modification has in fact been made, and shall thereupon proceed with the trial of such action.''

In the trial of an ordinary suit at law, if the jury fails to make findings of fact on one or more issues involved in the case, unquestionably the court, with the jury before it, has the right to require a finding on all of the issues involved before entering a judgment. We think it was the purpose of the legislature in enacting section 4476, supra, to impose on the district court the duty of seeing that all of the issues involved in the case are determined by the commission—which stands in the relation of a jury to the district court—before the court passes upon the sufficiency of the evidence to sustain the finding and award, and before determining whether the commission has acted within or without its powers, or that the findings of fact by the commission do or do not support its order or award.

We are of the opinion that the order of the trial court, referring this matter back to the commission for determination on a specific issue, is not subject to review by this court. It was merely an interlocutory order. Whether such orders are proper or not, being merely interlocutory, this court will not review them until the district court has finally and fully exercised its power under the statute and has passed upon all of the issues that it deems are involved in the case. Until it has done so, there is no final judgment for this court to review. *Tavenor v. Royal Indemnity Co.*, 84 Colo. 521, 272 Pac. 3.

In view of the fact that proceedings under the Workmen's Compensation Act are more or less informal, and properly so—as such proceedings satisfactorily settle the great majority of cases—when a serious dispute arises, such that its settlement is sought in the district court, it is proper that the district court under section

4476, supra, exercise supervision over the fact finding body—the commission—to the extent of requiring that it pass on all issues properly in the case on the record. We have repeatedly held that the commission's finding as to facts under the issues is binding, both upon the district court and upon this court on review; but there being no formal pleadings before the commission, what issues are raised by the record which should be determined by the commission, is a question of law for the court. After the district court determines what the issues are, it may properly require, and indeed should require, under the statute above set out, that the commission as a fact finding body determine the facts under such issues. That the trial judge clearly recognized the function of the commission and his own duty in such cases is evidenced by his statement that ''The court is not in any way attempting to disturb the findings of the Commission as far as it has gone, but it has not gone far enough. It should determine, in view of claimant's condition prior to the accident, whether or not the accident in which the claimant was injured aggravated the claimant's condition to such extent that he is or is not entitled to compensation under the Workmen's Compensation Act.

''This case is therefore remanded to the Industrial Commission of the State of Colorado with directions to re-open the above entitled cause for such other and further proceedings it may deem proper, and to amend its finding and award of December 22, 1933, in accordance with the views herein expressed.

█ Since the findings of fact by the commission are binding both on the district court, and on this court on writ of error, if the district court exercises its function of determining on the record what issues are involved, and then requires that the commission make findings of fact on all such issues, the district court on the hearing and this court on review will have the necessary data from which to determine whether the action of the commission shall be affirmed or set aside under section 4477

of the Compiled Laws of 1921 fixing the grounds upon which an order or award of the commission may be set aside, namely: ''(a) That the commission acted without or in excess of its powers; * * * (c) That the findings of fact by the commission do not support the order or award.'' If such procedure is followed the work of this court will be simplified and the interests of all parties to such actions will be expeditiously determined and fully protected. In this case the commission will now make a definite finding on the issue submitted to it by the district court which it will recertify to the district court for final determination of the cause as presented on the completed record.

In view of the fact that the finding required by the district court must be made in this cause and in view of the great number of cases in which it is contended by the claimant or the issue is raised, that a preexisting diseased condition has been aggravated by an injury, we think it proper to observe that in such cases in order that the district court, and this court on review, may determine whether there is any evidence in support of the commission's finding, the commission should determine and set out in its finding: (a) Whether there was a preexisting diseased condition; (b) what that diseased condition was; and (c) whether it was aggravated by the occurrence shown in evidence and relied upon as an accidental injury. When the issue of aggravation of a preexisting diseased condition is raised, a determination of its existence and character is absolutely necessary to the formation of an intelligent conclusion as to whether there has been an aggravation of such condition. To refer to it, as in the findings in this case, as the claimant's ''then condition,'' is to leave it doubtful (where there is any conflict in the evidence) what the commission had in mind; for claimant's ''then condition'' may have been one of health or of disease.

For the foregoing reasons the writ of error is dismissed and the cause remanded to the district court for

further proceedings in accordance with the views herein expressed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BURKE concur.