No. 13,675.

O. P. SKAGGS COMPANY ET AL. *v.* NIXON.
(50 P. [2d] 55)

Decided September 9, 1935. Rehearing denied October 14, 1935.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINS-BERG, Assistant, Mr. WILLIAM R. EATON, for plaintiffs in error.

Mr. ERNEST MORRIS, Mr. HERBERT E. MANN, Mr. THOMAS A. NIXON, for defendant in error.

*In Department.*

316

Mr. Justice Young delivered the opinion of the court.

The O. P. Skaggs Company, the American Mutual Liability Insurance Company and the Industrial Commission, plaintiffs in error, were defendants in the trial court, and will be herein designated as defendants, or by name. John C. Nixon, who was plaintiff in the trial court and claimant before the Industrial Commission and who will be herein designated as the claimant, or by name, was an attorney at law residing in Greeley, Colorado. He was employed by the Skaggs Company on a monthly retainer with special pay for extra services. While driving his automobile on returning to his home in Greeley from a conference in Denver with O. P. Skaggs and other executive officers of the Skaggs company, his car collided with a truck and he was seriously injured.

On the hearing before a referee of the Industrial Commission, by a summary order under section 95, chapter 210, Session Laws of 1919 (section 4469, C. L. 1921), as amended by section 4, chapter 203, Session Laws, 1923, compensation was awarded to the claimant. On petition by the insurer for a review of the referee's order, the commission, under section 4471, C. L. 1921, as amended by chapter 177, Session Laws, 1931, without the taking of additional testimony found "that the claimant, John C. Nixon, was not an employe of O. P. Skaggs Company within the meaning of the Workmen's Compensation Act, but, on the contrary, was an attorney for that company in business for himself, engaged in the active practice of his profession." It then set aside the referee's award and denied compensation. On petition for review the commission, in a supplemental award, ratified and approved its former action. The claimant Nixon instituted an action in the district court seeking to set aside this ruling of the commission on the ground that its finding that the "claimant was not an employe of O. P. Skaggs Company within the meaning of the Workmen's Compensation Act," is unsupported by, and con-

trary to, the evidence. Since the sole finding of the commission was that the claimant was not an employee of the Skaggs Company, whether or not there was evidence to support this finding or whether the uncontroverted evidence established that he was such employee, were the only two matters open for consideration by the trial court. When the court in its order setting aside the commission's award used the words, "And the court does generally find all matters in controversy herein in favor of plaintiff and against defendants and each of them," such finding was equivalent to a finding that Nixon was an employee of the Skaggs Company, and nothing more. The question of employment was the only issue before the court.

■■ The defendants assign numerous errors which might have been included under two heads, namely: (a) That the trial court was in error in holding as a matter of law that there was competent and uncontroverted evidence that Nixon was an employee of the Skaggs Company; and (b) that it was not shown by the evidence that at the time of the accident Nixon was performing service arising out of and in the course of his employment, or that the injury was proximately caused by accident arising out of or in the course of his employment. The trial court held—and we think rightly—that the question of whether Nixon was an employee of the Skaggs Company is determined affirmatively by the case of *Industrial Commission v. Moynihan,* 94 Colo. 438, 32 P. (2d) 802.

We have carefully examined the briefs of plaintiffs in error wherein are set up at length matters in evidence relied upon to distinguish the instant case from the Moynihan case and to show that the relationship between claimant and the Skaggs Company was not that of employee and employer within the language of the Workmen's Compensation Act. We are not impressed with these attempted distinctions. We think the trial court properly characterized them as being of minor impor-

tance, and as not sufficiently variant to permit a different conclusion on the question of employment from that reached in the Moynihan case. We hold, therefore, that the district court was correct in determining that there was competent evidence supporting the claim that Nixon was an employee of the Skaggs Company and that such evidence was uncontroverted. When the court determined these two matters of law, it necessarily followed that the commission, having found that there was no employment when the uncontroverted evidence showed employment, acted in excess of its powers; consequently such finding of fact could not stand. It is contended that the court substituted its finding of fact, that Nixon was an employee of the Skaggs Company, for the finding of the commission, but when the court's ruling is analyzed, the contention appears to be without merit. The commission found the existence of a negative condition—nonemployment. When the court found that there was competent evidence of employment and that it was uncontroverted, it was passing upon questions of law, and not making a finding of fact. The fact of employment followed from the findings of law, but in making findings of law from which conclusions of fact must of necessity follow, the trial court does not thereby usurp the fact finding function of the commission.

 The second question, involving the objection of defendants to the judgment of the trial court that there is no evidence in the record to show that at the time of the accident Nixon was performing services arising out of and in the course of his employment or that the injury was proximately caused by an accident arising out of and in the course of the employment, cannot be determined on the record before this court. We have held too often to require the citation of authorities in support of the proposition, that the commission alone is vested with authority to determine the facts in causes heard before it. When there is competent evidence to support the commission's findings they are binding on all courts. In the

instant case the commission made no finding on any of the statutory prerequisites necessary to support an award of compensation as set forth in section 4389, C. L. 1921, except on the single question of employment. When the commission set aside the summary award of its referee and assumed to make its own findings, if it awarded compensation, it must have made findings on all of the statutory prerequisites to support such award. The commission found that one of the statutory requisites, namely, the relationship of employer and employee, was lacking and went no further. The district court, having found as a matter of law that there was competent and uncontroverted evidence of employment, which finding we approve, leaves the other statutory prerequisites to recovery of compensation to be determined before it can be said that the claimant has had a full hearing on his claim. In such a situation the district court should have remanded the cause to the commission with instructions to determine whether at the time of the accident the claimant was performing services arising out of and in the course of his employment, the extent of his injuries, and the amount of compensation due. C. L. 1921, §4476, *Tavenor v. Royal Indemnity Co.*, 84 Colo. 521, 272 Pac. 3; *Industrial Commission v. Dorchak*, 97 Colo. 142, 47 P. (2d) 396.

We cannot assume from the record—neither could the trial court make such assumption—that all of the evidence necessary for a determination on these remaining undetermined matters was before the commission. Section 4471, C. L. 1921, as amended by chapter 177, Session Laws, 1931, provides that when the commission reviews an award of its referee, it shall "review the entire record in said case, *and, in its discretion, may take or order the taking of additional testimony, and shall make its findings of fact and enter its award thereon.*" Until the commission has exercised such discretion and made its findings, neither the trial court nor this court should say that the testimony, whether uncontroverted

or not, may be taken in lieu of findings of fact by the commission. If the commission had assumed to make findings on the undetermined prerequisites to claimant's recovery of compensation, now before us, as it did on the question of employment, thus indicating that it had exercised its discretion not to take additional testimony on those issues, but was satisfied with the testimony already submitted thereon, then the court might assume as found whatever the uncontroverted evidence might show, but it may not accept any conclusions as to any issue even on uncontroverted evidence until the commission has first made its finding thereon, and thereby indicated its willingness to have such issue determined on the record as it stands.

In the Moynihan case the commission found "that his accident did not arise out of and in the course of his employment, by respondent employer as defined by the statute." In the instant case, as indicated by the quotation from the commission's finding, supra, there is no finding at all on this matter. In the Moynihan case the district court specifically found that the *uncontroverted* evidence showed "That at the time plaintiff sustained said personal injuries as aforesaid, plaintiff was performing service arising out of and in the course of his said employment by defendant, The Oliver Power Company. * * * That the said injuries sustained by plaintiff as aforesaid were proximately caused by accident arising out of and in the course of his said employment by defendant The Oliver Power Company, and said injuries were not intentionally self-inflicted." There was no assignment of error based on these findings of the court and in the argument presented by the briefs in this court, which we have examined, both the plaintiff in error and defendant in error confined themselves to a discussion of two questions only, namely: that the district court erred in holding that Moynihan was an employee within the provisions of the Workmen's Compensation Act, and if he were such employee that he was a casual employee

whose employment was not in the usual course of business of The Oliver Power Company, and that therefore he was excluded from the benefits of the Workmen's Compensation Act. The Moynihan case, though authority for holding that the relationship of employer and employee exists in this case, should not be taken as a determination by this court that the evidence in that case sustained the propositions that Moynihan was at the time of the accident engaged in service arising out of and in the course of his employment, or that the accident that caused his injuries arose out of and in the course of his employment, because that question was never submitted to the district court nor to this court for determination. The finding of the district court that under the record in this case there is competent evidence that Nixon was an employee of the Skaggs Company and that such evidence was uncontroverted was correct and settles that issue in this case.

The judgment of the district court setting aside the commission's award and holding that the uncontroverted evidence in the case established the relationship of employer and employee between Nixon and the Skaggs Company is affirmed. The judgment of the court in so far as the same refers the cause back to the commission for the purpose of determining solely the question of the extent of injuries and the amount of compensation is reversed, with instructions to refer the cause back to the commission for all further proceedings required by the views expressed in this opinion.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BURKE concur.