THIS is a workmen's compensation case. Claimant was the wife of Myrtle C. Stebbins, who was injured in an automobile accident near Limon, Colorado, on December 24, 1935, and who died on December 26, 1935. The Industrial Commission found that claimant "failed to sustain the burden of proof and has failed to establish that the accident above mentioned arose either out of or in the course of decedent's employment." The district court reversed the findings of the commission and remanded the case with instructions to enter an award for the claimant. The commission, the State Compensation Insurance Fund and the employer assign error and ask for a reversal of the judgment of the district court and affirmance of the commission's award.
Stebbins was employed by Kenney as a carpenter foreman in the construction of a bridge on a highway project between Hugo and Limon, about half way between the two towns. On the mid-afternoon of December 24th, Stebbins, accompanied by claimant, was driving from Hugo to Limon, when, for some unexplained reason, he lost control of the car and the ensuing accident caused the injury which resulted in his death. The accident happened about four and one-half miles beyond the bridge and three and eight-tenths miles southeast of Limon. The crew working on the bridge had just finished pouring concrete for the floor the night before and been told by Kenney that they could lay off for a couple of days over Christmas. Claimant offered to prove that Stebbins had told her before the accident that Joe Davis, the bridge foreman, had told him, Stebbins, to go to Limon to get a man to keep fires at night under the *Page 138 
bridge to prevent the cement from freezing. Davis, however, testified that he instructed Stebbins: "While you are driving around be sure and pass the bridge and see if the fires and night watchman are all right." It was suggested that the purpose of Stebbins and his wife in going to Limon was to attend a drawing for an automobile that was being given away there that afternoon, but there was no evidence to support this suggestion.
A man named Bennett had been employed as night watchman to keep the fires burning, and to see that the canvas protecting them was properly spread. He arrived on duty each evening between 4:30 and 5:00 o'clock, and no one, apparently, had any reason to believe that he would not be on duty at the same time on the 24th, but because of the admitted extra precaution that Davis was taking in saving the cement, Stebbins realized that he must see Bennett and instruct him about the fires.
[1, 2] It is not necessary to pass upon the rejection by the commission of claimant's offer of proof, as being hearsay, because an analysis of the evidence shows the following facts to be uncontroverted: That Stebbins was employed by the month, and that he was so employed on the morning of December 24th; that he was a carpenter foreman in whom Davis had implicit confidence, and that he, Stebbins, was a faithful and conscientious employee; that on December 24th Davis had to go to Denver on business pertaining to the job, leaving Stebbins, next in authority, in charge; that the weather was cold and that Davis took every precaution against damage to the bridge which would be caused by freezing of the green cement; that Davis did give Stebbins specific instructions on that morning to the effect that "while you are driving around be sure and pass the bridge and see if the fires and night watchman are all right"; that both Davis and Stebbins knew that the night watchman lived in Limon; that in the afternoon, when Stebbins was driving around he did drive by the bridge; that he saw no one there; that he kept on to Limon, and that he was *Page 139 
injured on the way. In all of which he was carrying out instructions not denied.
To offset this, in seeking to avoid liability, the insurance carrier and employer sought to show that Stebbins and his wife were going to Limon for another purpose. We find no evidence thereof.
We agree with the trial court's holding that these uncontroverted facts amount in law to an establishment ofthe fact that Stebbins' injury resulted from an accident arising out of and in the course of his employment, and that the commission exceeded its jurisdiction and acted beyond its powers when it found to the contrary.
[3] Ordinarily, of course, the claimant has the burden of proving his claim, but where it is admitted, as here, that the employee was at work in the course of his employment shortly preceding the time of his accident, it becomes the duty of the employer to show that the employee had left it, where employer relies on the defense that the employee was not acting in the course of his employment at the time of the injury. Colorado ContractingCo. v. Industrial Commission, 74 Colo. 206,219 Pac. 1075, 66 A.L.R. 1409.
[4] In reaching our conclusion herein, it is to be noted that we are not usurping the functions of the Industrial Commission as a fact-finding body. When the record evidence establishes that the employee was acting within the scope of his employment at the time of his accident — no evidence appearing to the contrary — there can properly be no finding that he was not so acting. In such circumstances the reviewing court is passing upon a question of law and not upon the facts. Skaggs Co. v.Nixon, 97 Colo. 314, 50 P.2d 55.
The judgment is affirmed.
MR. JUSTICE BOUCK dissents.