**MILE HIGH MASONRY; State Compensation Insurance Fund; and Director, Division of Labor, on Behalf of Subsequent Injury Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of the State of Colorado and Patrick J. Cassidy (deceased), Rose Mary Cassidy, Martha Cassidy, and Alice Cassidy, Respondents.**

No. 85CA0577.

Colorado Court of Appeals, Div. II.

March 6, 1986.

Russell A. Stanley, Samuel H. Collins, Pamela Musgrave, Denver, for petitioners Mile High Masonry and State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for petitioner Director, Div. of Labor.

Christiansen, Kavanaugh & Sanford, George G. Christiansen, Kathleen T. Kavanaugh, Stephen C. Sanford, Denver, for respondents Patrick J. Cassidy (deceased), Rose Mary Cassidy, Martha Cassidy, and Alice Cassidy.

SMITH, Judge.

Mile High Masonry, the State Compensation Insurance Fund, and the Director of the Division of Labor seek review of a final order of the Industrial Commission which reversed the hearing officer's determination that Rose Mary Cassidy, Martha Cassidy, and Alice Cassidy (claimants) were not dependents of Patrick Cassidy (decedent) and, thus, were not entitled to dependency benefits. We affirm.

The facts concerning decedent's death and employment are undisputed and the liability of the employer is uncontested. The sole issue before the Division of Labor was whether the claimants were entitled to dependency benefits pursuant to § 8–50–102, C.R.S. (1985 Cum.Supp.). The claimants are the decedent's mother and two sisters with whom he resided at the time of his death.

In relevant part, § 8–50–102 provides: "[A] child eighteen years of age or over and a mother, father, grandmother, grandfather, sister, brother, or grandchild who was wholly or partially supported by the deceased employee at the time of death and for a reasonable period of time immediately prior thereto is considered an actual dependent."

Based upon the evidence presented, the hearing officer found the following. In March 1983, decedent suffered a fatal industrial injury. He had been employed by Mile High Masonry for two months immediately preceding his death, earning approximately $1,000 monthly. During 1982, however, decedent's total reported taxable income was only $554.80.

Decedent provided his mother with grocery money or bought groceries at times. At the time of decedent's death, each of the claimants received $139 monthly in social security benefits, and, in addition, each held minimal part-time employment. They had combined household expenses of approximately $700.50 monthly.

The mother testified that prior to, as well as after, obtaining employment at Mile High, decedent had provided the family with an average of $700 per month from unreported dog track winnings. However, the hearing officer apparently believed that this testimony was not credible since decedent's reported income was so meager. She further found that the contributions of decedent to the family expenses were only

of an amount commensurate with his share of room and board and thus did not constitute support. Dependency benefits were therefore denied.

The Industrial Commission reversed. It determined that, based upon the evidence in the record and facts as found by the hearing officer, it was error and contrary to the weight of the evidence to conclude that claimants were not partial dependents. The Commission observed that claimants' evidence of the contributions of the claimant was unrefuted and that his failure to report his gambling earnings was not dispositive of his actual income. In addition, the Commission determined that irrespective of any uncertainty in decedent's unreported income, the uncontroverted wages he had earned at Mile High during the two months prior to his death were of an amount sufficient to indicate the ability to provide the asserted support. The Commission determined that the two months decedent had been employed and had admittedly been providing support constituted a "reasonable period of time" immediately prior to his death so as to meet the time requirement of § 8–50–102. Based upon the foregoing, the Commission concluded that the claimants' income as found by the hearing officer, even considering their part-time employment, demonstrated that claimants were partially dependent upon the decedent at the time of his death.

Petitioners assert that the hearing officer's findings were supported by substantial evidence, and thus, pursuant to § 8–53–111(7), C.R.S. (1985 Cum.Supp.), the Commission exceeded its authority in reversing his ruling on the dependency issue. We disagree.

A finding of dependency is essentially dependent upon two basic issues: whether a decedent provided support to a relative specified in the statute, and whether he did so for a reasonable period of time immediately prior to his death. These dispositive issues settle the rights and liabilities of the parties. They thus constitute findings of ultimate fact. *See Golden Age Manor v. Industrial Commission,* 716 P.2d 153 (Colo.App.1985).

So long as it bases its ruling upon the record, the Commission has the authority to enter its own findings of ultimate fact. *See* § 8–53–111(7), C.R.S. (1985 Cum. Supp.). It was therefore within the Commission's authority to conclude that the two month period prior to decedent's death met the statutory requirement of a "reasonable period." *See also Industrial Commission v. Ahel,* 80 Colo. 128, 249 P. 866 (1926). Further, even if the Commission accepted the hearing officer's finding that decedent contributed only an amount commensurate with his fair share of the family living expenses, this finding does not preclude the Commission from concluding that upon decedent's death, claimants' living expenses did not decrease by the full amount of decedent's contributions, and that they were therefore at least partially dependent upon the funds previously provided by decedent.

The order is thus affirmed and the cause is remanded to the Commission for further proceedings to determine an appropriate award.

STERNBERG and BABCOCK, JJ., concur.