**In re the Matter of the DEATH OF Larry CORBIN.**

**Linda M. CORBIN, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE of Colorado; Director, Department of Labor and Employment, Division of Labor, State of Colorado; Hahn Plumbing and Heating, Inc.; and the Colorado State Compensation Insurance Fund, Respondents.**

**No. 85CA0541.**

Colorado Court of Appeals,
Div. III.

July 3, 1986.

G. William Beardslee, Fort Collins, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Indus. Com'n and Director.

Michael J. Barbo, Denver, for respondents Colorado State Compensation Ins. Fund and Hahn Plumbing and Heating, Inc.

METZGER, Judge.

Petitioner, Linda Corbin, seeks review of a final order of the Industrial Commission which vacated the hearing officer's grant of death benefits, and remanded the cause to determine the existence and extent of petitioner's entitlement to such benefits. The sole issue before us is whether the Industrial Commission exceeded its authority under § 8–53–111(7), C.R.S. (1985 Cum. Supp.) when it found insufficient facts to support the conclusions of the hearing officer. We conclude that there are sufficient facts to support the hearing officer's conclusions and, therefore, set aside the Industrial Commission's order.

The facts are undisputed. Decedent died in the course of his employment on September 22, 1982. Petitioner is decedent's sister, and has suffered from cerebral palsy since birth.

At the time of her brother's death, petitioner participated part-time in a sheltered workshop for handicapped persons. She testified that she had participated in workshop activities from October of 1981, but had been forced to quit in October 1982 because of neurological problems. The petitioner also stated that she and her mother had been living in the decedent's home for nine years and that the decedent provided for all her support.

Petitioner's testimony was corroborated by letters from her treating physicians. These letters stated that petitioner suffered from motor coordination and speech difficulties and that these disabilities prevented her from becoming self-supporting. However, her treating physician had recommended that she participate in workshop activities solely for the attendant benefits of occupational therapy and positive psychological effect. The letters stated that petitioner "was incapable of or actually disabled from earning her own living."

Decedent's mother testified that, although she was employed, she was unable to support petitioner because of her own medical problems. She stated that her medical costs were between $3,000 and $5,000 per year, and her gross income at the time of her son's death was $10,000.

The hearing officer found that on the date of her brother's death petitioner was unemployed and had been unemployed for a substantial period of time because of her cerebral palsy. Furthermore, he found petitioner was completely disabled and unable to work. The hearing officer concluded that petitioner was fully dependent upon decedent on the date of his death, and awarded maximum benefits pursuant to § 8–50–102, C.R.S. (1985 Cum.Supp.), subject to an offset of any Social Security disability benefits petitioner might receive.

The Industrial Commission reversed the hearing officer's order, holding that the findings of evidentiary fact were not supported by substantial evidence. This order was based on uncontradicted evidence that petitioner had received "earnings" which varied from $40 to $230 per month from her participation in the sheltered workshop. Therefore, it vacated the hearing officer's order and remanded the matter for "proceedings and evidentiary findings, and conclusions, with appropriate order as to the existence and extent of claimant's entitlement to death benefits...."

Petitioner contends that the Commission exceeded its authority under § 8–53–111(7),

C.R.S. (1985 Cum.Supp.) by reversing the hearing officer's finding that petitioner was essentially unemployed and unemployable at the time of decedent's death. We agree.

Section 8–53–111(7), C.R.S. (1985 Cum. Supp.) provides in pertinent part that: "[I]f the findings of evidentiary fact entered by the director or hearing officer are supported by substantial evidence, they shall not be altered by the commission."

In order for petitioner to be classified as an "actual dependent" of her decedent brother so as to be eligible to receive death benefits, she must show that she was "wholly or partially supported by the deceased employee at the time of death and for a reasonable period of time immediately prior thereto...." Section 8–50–102, C.R.S. (1985 Cum.Supp.). *See Mile High Masonry v. Industrial Commission,* 718 P.2d 257 (Colo.App.1986). Further, to be entitled to compensation, petitioner must also prove that she is "incapable of or actually disabled from earning a living." *Byrd v. Industrial Commission,* 658 P.2d 274 (Colo.App.1982).

Section 8–50–105, C.R.S. (1985 Cum. Supp.) further provides that the determination of dependency and the extent of that dependency "shall be determined as of the date of the injury ... and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions."

Petitioner's situation here can be analogized to that of an individual who has been adjudicated totally disabled, but is still permitted to obtain occasional employment under rare conditions and for small remuneration without an offset against disability payments. In *New York Indemnity Co. v. Industrial Commission,* 86 Colo. 364, 281 P. 740 (1929), the court stated:

"[I]f one be totally and permanently disabled, he ought not be penalized for obtaining some trivial and unusual employment, or have the door of hope and ambi-

tion slammed in his face by being forbidden, on pain of having a portion of his meager sustenance withheld, to make any effort to add thereto. One may be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor and yet be able to obtain occasional employment...."

At the time of her brother's death, petitioner was attending a workshop and received a small amount of money for her participation. This participation occurred solely as a result of her physician's recommendation and that recommendation was based only on medical reasons. Both of petitioner's treating physicians considered her to be incapable of earning her own living because of her cerebral palsy, but encouraged her to participate in the workshop for purely therapeutic purposes. Finally, although petitioner received nominal sums as a result of her participation in the workshop, the record reflects that she was totally dependent upon her brother for support. He had provided for all of her needs for the nine years prior to his death, including, housing, utilities, food, clothing, medical insurance, recreation, rehabilitation, and gifts.

Under these circumstances, we hold that the income petitioner received from her participation in the therapeutic workshops did not preclude the hearing officer from concluding that petitioner was both an "actual dependent" and "incapable ... of earning a living." Hence, in light of the significant other evidence of petitioner's disability and her reliance upon her brother for support, the hearing officer's findings were supported by substantial evidence in the record and, accordingly, could not be set aside by the Industrial Commission.

The order of the Industrial Commission is set aside and the cause is remanded with directions to reinstate the hearing officer's order.

VAN CISE and KELLY, JJ., concur.