## No. 14,156.

O. P. SKAGGS COMPANY ET AL. *v.* NIXON ET AL.

(72 P. [2d] 1102)

Decided September 13, 1937. Rehearing denied October 25, 1937.

Mr. WILLIAM R. EATON, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. Herbert E. Mann, Mr. C. E. Wampler, for defendants in error.

*En Banc.*

Mr. Justice Young delivered the opinion of the court.

This cause is before us on writ of error to reverse a judgment of the district court sustaining the finding of the Industrial Commission, and an award based thereon, that John Nixon sustained accidental injuries while performing services arising out of and in the course of his employment by the O. P. Skaggs Company, a corporation. The O. P. Skaggs Company and the American Mutual Liability Insurance Company, a corporation, are plaintiffs in error and will be designated as the Skaggs company and insurer, respectively. The Industrial Commission and John C. Nixon, defendants in error, will be herein mentioned as the commission and claimant. The multitude of assignments of error, ninety-two in number, covering twenty-one typewritten pages fairly present the question of whether the evidence is sufficient to support the commission's finding and award.

This case was before us on a former occasion and the decision previously rendered (*Skaggs Co. v. Nixon,* 97 Colo. 314, 50 P. [2d] 55) should be read in connection with this opinion. The case was remanded to the district court with instructions to send it back to the commission for definite findings on the question of whether claimant at the time of the accident was performing services arising out of and in the course of his employment. The commission after taking additional testimony answered the question in the affirmative, and the district court has approved its findings. If there is evidence to support them they are binding on us.

The evidence discloses that Nixon was employed by the Skaggs company to render services, legal in charac-

ter, and also perform work that might be classed as executive in its nature, not requiring legal training. Such work involved advice as to business policies and methods to be adopted and pursued. It was stipulated in the contract of employment that claimant was to be paid $50 a month for his services. Such business as could be transacted by him in or from his law office, maintained in Greeley, was to be done there. Such as required his presence in Denver was to be performed in Denver and he was to come to the latter city without additional compensation or expense to the Skaggs company. He was to give the company the first call on his time and the evidence discloses that he did so. In December, 1931, claimant was requested to come to Denver for a conference and in response to that request he traveled there by automobile solely for that purpose and attended to no other business. On this occasion he was given two important contracts by O. P. Skaggs, the president of the company, to take with him to Greeley and upon which he was to render an opinion after he had examined them. As he was returning to Greeley, and near Brighton, he had an automobile accident resulting in the injuries and disability for which compensation was awarded.

We are of the opinion that the accident arose out of and in the course of claimant's employment, and while so holding, are cognizant of the general rule stated in *Industrial Commission v. Anderson,* 69 Colo. 147, 169 Pac. 135, that, "By the great weight of authority it appears, in the absence of special circumstances bringing the accident within the scope of the employment, that no compensation is recoverable by a workman who is injured while on his way to or from his work." In that opinion the following is quoted with approval from *De Constantin v. Public Service Commission,* 75 W. Va. 32, 83 S. E. 88, L. R. A. 1916A, 329: "If the place at which the injury occurred is brought within the contract of employment, by the requirement of its use by the employee, so that he has no discretion or choice as to his mode or manner of

coming to work, such place and its use seem logically to become elements or factors in the employment, and the injury thus arises out of the employment and is incurred in the course thereof. But, on the contrary, if the employee, at the time of the injury, has gone beyond the premises of the employer, or has not reached them, and chosen his own place or mode of travel, the injury does not arise out of his employment, nor is it within the scope thereof.'' We think the controlling principle is set out in the opinion in the Anderson case in these words: ''Under this section it is necessary that both the service being performed and the injury sustained shall arise out of and in the course of the employment. The intent is to make the industry responsible for industrial accidents only, and not those resulting from hazards common to all. *In re McCarthy* (Ohio), 7 N. C. C. A. 417, *Ohio Ind. Com. No. 59526; Worden v. Commonwealth Power Company* (Mich.), 4 N. C. C. A. 853; *Hopkins v. Mich. Sugar Company,* 184 Mich. 87, 150 N. W. 325, L. R. A. 1916A, 310; *Hills v. Blair,* 182 Mich. 20, 148 N. W. 243, 7 N. C. C. A. 414.''

If the accident occurs while the employee is doing something which the employer has directed and under the contract of employment may require the employee to do, we think that while the employee is doing it he fairly may be said to be acting in the course of his employment, and if he is doing the thing directed to be done, as required, or, if the manner of its doing is not specified, in a manner that is within the limits of a reasonable discretion on the part of the employee, then a resulting accident arises out of the employment and fairly may be said to be the result of a hazard incident to it. In *Security State Bank of Sterling v. Propst,* 99 Colo. 67, 59 P. (2d) 798, quoting in part from a former decision of this court, we said: ''If at the time of the injury the deceased was doing what he expressly or impliedly was directed by his superiors to do—and we have held that he was—and the latter were vested with the authority to give him direc-

tions, then he was acting within the course of his employ-. ment. In *Comstock v. Bivens,* 78 Colo. 107, 239 Pac. 869, we said: '1 Honnold on Workmen's Compensation, section 114, says where an employee is doing something which, though not strictly in the line of his obligatory duty, is still doing something incidental to his work, and while doing the same is injured, the accident causing injury may properly be held to arise out of and in the course of employment, and he will be entitled to compensation.' "

The employment in the case here under consideration was based on a mutual recognition of the fact that claimant was located at Greeley. It impliedly recognized that such of his work as was done in Denver required him to come from Greeley to Denver. While it was not specified that he should come by automobile, under modern conditions his doing so was the adoption of a reasonable mode of transportation. We held in *Comstock v. Bivens,* 78 Colo. 107, 239 Pac. 869, that an employee has some latitude in determining the manner in which he will carry on his employer's work.

We think in this case sufficient special circumstances appear to take it out of the general rule, that injuries sustained in going to or from work carried on at a special place and within specified hours are not compensable, as not arising out of and in the course of the employment. The exception to the rule is recognized in *Industrial Commission v. Anderson, supra.* The instant case is analogous to one in which an employer directs an employee to leave one place during working hours and go to another place on the same job and while complying with such direction he is injured. If it be said that the injury here occurred on the return from carrying out the employer's orders, the answer is that the return was a necessary incident to a compliance with the order to come, and that the hazards of both coming and returning are alike inci-· dent to a compliance with the employer's directions. In *Comstock v. Bivens, supra,* we said: "When Comstock

delivered the mail to the postmistress on the evening of the day when the accident occurred he could not indefinitely leave his automobile in the public highway or make of the same a place of storage. It was necessary for him to put it in his garage or some place on his own or rented premises. While there is no direct evidence as to what Comstock's intentions were in driving from the post office to his home, his course was what he usually pursued after delivering the mail. He was found lying near the car and had taken the rifle from the automobile in the place where he usually carried it on his trips and apparently intended to put it away in his house when it was discharged. The car being the instrument or facility that he used in performing his work of carrying the mail, it is a fair inference from the testimony that he was preparing to store, or was engaged in storing, his automobile for the night at the time the accident occurred. This is analogous to what occurs, for example, when a carpenter, who quits work at the end of the day on a house which he is building, goes across a street or to some other nearby place to store his tools for the night. We think that Comstock was doing the work for which he was employed when this accident occurred and it arose out of and in the course of his employment."

In *Industrial Commission v. Pueblo Auto Co.*, 71 Colo. 424, 207 Pac. 479, we held that the death of an automobile salesman killed during a robbery, the object of the robbers being to secure his car, when he was returning home from seeing a customer to whom he had sold an automobile, was an accident arising out of and in the course of his employment. In that case we said: "While it has been stated that these laws cover only dangers which might have been anticipated, yet the cases generally hold that if, after the injury, it can be seen that the injury was incurred because of the employment, it need not be such as to have been anticipated. We think that is the better rule."

In a lightning case, *Aetna Life Ins. Co. v. Industrial*

*Commission,* 81 Colo. 233, 254 Pac. 995, Mr. Chief Justice Burke in a specially concurring opinion, used the following language: ''When one in the course of his employment is reasonably required to be at a particular place at a particular time and there meets with an accident, although one which any other person then and there present would have met with irrespective of his employment, that accident is one 'arising out of' the employment of the person so injured.''

In *London Co. v. McCoy,* 97 Colo. 13, 45 P. (2d) 900, we held, as stated in the syllabus, that ''Where an employee, in carrying out the instructions of his employer, visited the home of another to contact a man whom it was necessary for him to see, and while there suffered a murderous assault by an insane man resulting in his death, compensation was properly allowed his dependents, the accident being one 'arising out of his employment.' ''

In the light of the foregoing authorities we are of the opinion that the evidence before the commission is sufficient to support its finding that the accident causing claimant's injuries arose out of and in the course of his employment. We are bound by such finding. The judgment of the district court is affirmed.

Mr. Justice Bouck not participating.