# No. 17,155.

## STEARNS-ROGER MANUFACTURING COMPANY ET AL.
### *v.* CASTEEL ET AL.
(261 P. [2d] 228)

Decided September 21, 1953.   Rehearing denied October 19, 1953.

Messrs. SHELDON & NORDMARK, for plaintiffs in error.

Mr. MORRIS RUTLAND, Mr. LANSFORD F. BUTLER, for defendant in error Casteel.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is a Workmen's Compensation case and we will hereinafter refer to the parties as claimant, employer, insurer, and commission.

The essential facts are set forth in the order of the Referee, entered on the 28th day of October, 1952, which ultimately became the final award of the commission. From that order we quote the following:

"Hearing herein was held on August 8, 1952 and September 15, 1952, at Denver, Colorado. The facts established are as follows:

"The respondent employer was in the course of completing a contract at Grand Junction, Colorado and was in need of additional steamfitters. Respondent contacted the Denver Secretary for the Union having jurisdiction over steamfitters and requested the Union to furnish 'five or six steamfitters' for the Grand Junction job. This, the local union did, and directed the claimant herein, together with other persons to report to the Grand Junction job.

"On April 22, 1952, the claimant herein, riding as a passenger with another steamfitter, left Denver for Grand Junction to begin work for the respondent employer. By use and custom and prior arrangement the respondent employer did pay the employees sent out by the union the going scale of wage for the travel time between Denver and the job under construction, together

with necessary travelling expenses. This, the employer was to do for the claimant herein.

"In the course of the travel from Denver to Grand Junction, the claimant herein and the driver of the car, in which he was riding, stopped at Central City [Georgetown] for lunch, and while in Central City [Georgetown] purchased one-fifth of liquor and had several drinks. As the claimant and driver of the car proceeded toward Grand Junction, the driver lost control of the car and an accident resulted in or near Minturn, Colorado, and the claimant herein suffered multiple fractures and the loss of his right ear. Claimant was by reason of the accident forced to abandon his journey, and has been temporarily and totally disabled since the date of the accident. Claimant's average weekly wage would have been $106.00, and it was on this basis that the respondent employer was to reimburse the claimant for his travel time to Grand Junction, Colorado.

"The questions to be decided are: 1. Was the claimant herein in the course of his employment at the time of the accident since he had not yet arrived at the site of the construction for which he was hired? 2. Should the claimant be penalized for intoxication when he was not driving the car which caused the accident?

"The Referee finds from the evidence which is undisputed that the respondent employer takes major construction jobs throughout the Rocky Mountain Area and frequently is forced to secure skilled help from Unions not in the immediate area of the construction, and that when such employees are secured through Unions, the respondent employer always pays at the prevailing wage scale salary for the reasonable time required to travel to the job situs, and in addition thereto pays necessary travel expenses. That the claimant herein had on other occasions worked for the respondent employer and that his work was satisfactory and that he would have gone to work immediately for the respondent employer had he arrived at Grand Junction, Colorado.

"The Referee finds from these facts that the claimant was in the course of his employment while travelling between Denver and Grand Junction, Colorado.

"The Referee further finds that by reason of the Workmen's Compensation Act, contributory negligence and the Fellow Servant Rule have been abolished as defenses in that the claimant herein, while admittedly drinking with the driver of the car while enroute to Grand Junction, Colorado, cannot be charged with the negligence of the driver of the car and that, therefore, claimant should not be penalized 50% for intoxication.

"The Referee further finds that respondents' motion to penalize the claimant under the 50% penalty rule should be denied and dismissed."

Pursuant to the foregoing findings the commission directed payment of compensation at the maximum rate of $28.00 per week, and necessary medical, surgical and hospital expense incurred as a result of the accident not to exceed the sum of $1,000.00. The district court affirmed the award of the commission and entered judgment accordingly. The employer and insurer, seeking reversal of that judgment, bring the case here by writ of error.

It is essential to an understanding of the questions presented to note the proceedings before the commission which took place between the date of the Referee's original order and the commission's final award. In the first order of the Referee, he found the issues for claimant on the question of liability, and awarded maximum compensation. Within fifteen days from the entry thereof the employer and insurer filed a petition for review. Pursuant to statute, the cause was referred to the commission which entered its findings and award December 1, 1952, under the terms of which the liability of the employer and the insurer was established; however, this award of the commission reduced the liability by fifty per cent, by reason of the asserted intoxication of claimant. *No petition for review of this award was filed by*

*the employer or the insurer.* Claimant alone filed such petition and specifically made objection to that portion of the award which invoked the 50% penalty against him. In no other particular was the award objected to by any interested party. Upon consideration of claimant's petition for review, the commission on December 16, 1952, entered its supplemental award reversing its previous order of December 1st under which the 50% penalty had been invoked. The penalty was set aside and full compensation awarded, as originally ordered by the Referee; thus, the commission's original finding of liability, to which no one objected within fifteen days, was affirmed, and only that portion of its findings which invoked the penalty was changed.

The pertinent part of the supplemental award of the commission is as follows: "In the above entitled cause, the Commission having examined the entire file, and being now fully advised in the premises, finds: That their Findings of Fact And Award dated December 1, 1952, as to the penalty, should be vacated and held for naught, and that the Referee's Order of October 28, 1952 is correct and should be affirmed."

Within fifteen days from the entry of this award the employer and insurer filed a petition for review, in which they not only challenged the legality of the new award restoring full compensation, but also attempted to question the legality of the findings and award with relation to liability. Upon consideration of this petition for review, the award of the commission remained unchanged. Thereupon suit was instituted in the district court.

It is contended by counsel for claimant that the district court was without jurisdiction to entertain the action, for the reason that the employer or insurer did not file a petition for review directed to the first findings and award of the commission which determined the liability to pay compensation. It further is contended that on the question of liability the finding of the commission

became final, and the only question properly before this court is whether the 50% penalty should be invoked, thereby reducing the amount which claimant otherwise would be entitled to receive.

The pertinent provisions of the statute are found in chapter 97, '35 C.S.A., and are as follows:

Section 376. "Any party in interest who is dissatisfied with the order entered by the referee may petition to review the same and the referee may reopen said case, or may amend or modify said order, and such amended or modified order shall be a final award unless objection be made thereto by further petition for review. In case said referee does not amend or modify said order, he shall refer the entire case to the commission, and the commission shall thereupon review the entire record in said case, and, in its discretion, may take or order the taking of additional testimony, and shall make its findings of fact and enter its award thereon. *The award of said commission shall be final unless a petition to review same shall be filed by an interested party. Every petition for review shall be in writing and shall specify in detail the particular errors and objections. Such petition must be filed within fifteen days after the entry of any referee's order or award of the commission* unless further time is granted by the referee or the commission within said fifteen days, *and, unless so filed, said order or award shall be final.* All parties in interest shall be given due notice of the entry of any referee's order or any award of the commission, and said period of fifteen days shall begin to run only after such notice, and the mailing of a copy of said order or award addressed to the last known address of any party in interest shall be sufficient notice."

Section 377. "No action, proceeding or suit to set aside, vacate or amend any finding, order or award of the commission, or to enjoin the enforcement thereof, shall be brought unless the *plaintiff shall have first applied to the commission for a review as herein provided.* Such ac-

tion, proceeding or suit must be commenced within twenty days after the final finding, order or award entered by the commission upon such review." (Emphasis supplied.)

Questions to be Determined.

First: *Where the Industrial Commission enters a finding of liability on the part of an employer and an insurer, but reduces by 50% the compensation awarded to claimant by the referee (which reduction was due to claimant's alleged intoxication); where no petition for review is filed by the employer or insurer challenging the legality of the finding of the commission on the question of liability or in any other particular; and where the commission, on claimant's petition to review the question of invoking the 50% penalty, amends the award and orders full compensation; can the employer and insurer thereafter dispute the validity of the finding on the question of liability which first was made by the award to which they took no exception by filing petition for review?*

We answer this question in the negative. It is contended by counsel for the employer, and insurer, that a petition for review need only be filed by "an interested party"; that since claimant filed a petition for review, objecting to that portion of the award which purported to reduce his compensation by 50%, it became unnecessary for them to make known their objections to the findings and award; and that when the commission restored the full compensation they then had the right to contest the finding of liability, notwithstanding the fact that the statutory period for filing objections had expired since the date of the entry of the original finding on that question. With these contentions we cannot agree. Under the provisions of the statute, an award of the commission "shall be final" unless challenged in the particular manner and within the time provided by the Act. A petition for review by the commission "shall be in writing and *shall specify in detail the particular errors and objections.*" (Emphasis supplied.)

■ No one objected to the finding of liability made by the commission in its first order. The employer, and insurer, were adversely affected by that finding and award. Under the statute they were required to "specify in detail the particular errors and objections" which they found therein, within fifteen days. By remaining silent, when it was their duty to speak, they consented to the findings and award. As to them, the finding of liability became final. The only portion of the award remaining open for amendment or change upon application of either of the parties, was that which was specified with particularity by claimant, namely, the 50% penalty invoked against him. Upon the hearing of claimant's petition, the commission could consider only the single point raised by him. *London Guarantee and Accident Company, Ltd. v. Sauer and Industrial Commission,* 92 Colo. 565, 22 P. (2d) 624.

■ We have repeatedly held that the filing of a petition for review before the commission within the time fixed by statute, is jurisdictional and neither the district court nor the Supreme Court will review the findings and award of the commission unless the particular ground of objection is presented by petition to review the award in question. In our opinion in *Industrial Commission v. Plains Utility Co.,* 127 Colo. 506, 259 P. (2d) 282, we discussed the reasons for this rule and cited numerous cases in support thereof.

It follows that there is but one question properly before this court for determination, as follows:

■ Second: *Under the undisputed facts disclosed by this record, was the commission required, as a matter of law, to invoke the penalty of 50% reduction in compensation for the reason that the injury resulted from claimant's intoxication?*

This question is answered in the negative. It is undisputed that at the time of the accident claimant was asleep in the rear seat of the automobile which was being

driven by his companion. The statute (chapter 97, section 362 [c] ) provides for reduction of awards by fifty per cent, "Where injury results from the intoxication of the employee." This means that the intoxication of claimant must be a proximate cause of the injury. No authority need be cited for the proposition that an intoxicated person, asleep in the rear seat of an automobile at the time of an accident, cannot be guilty of conduct proximately causing his injuries in such accident. The commission was correct in holding that the fifty per cent penalty provision of the statute was not applicable, and the trial court committed no error in sustaining the award in that particular.

We do not pass upon the question as to whether the injuries sustained by claimant arose out of and in the course of his employment. The trial court had no jurisdiction to pass upon that question. Its judgment is correct; accordingly under its view, as well as that of this court, the judgment must be, and is, affirmed.