Opinion by
Mr. Justice Hall.
We refer to the plaintiff in error as the Fund, to the defendant in error the Industrial Commission as the Commission, and to the defendant in error Carol J. Coleman, as the Claimant. Clarence Coleman, the employee, now deceased, will be referred to by name, the employee or the deceased.
The Fund and the Claimant signed and submitted to the Commission an “Agreed Statement of Fact” and requested the Commission to make an award based on said statement.
Facts contained in the statement are as follows:
“At the time of his death, Clarence Coleman was an employee of the Coleman Electric Company, a co-partnership consisting of Donald D. Coleman, Earl Coleman and Donald D. Hall of Pueblo, Colorado. Clarence Coleman had been employed by said co-partnership from the 1st day of October until the day of his death [1/20/61] and was on the day of his death still employed by said company. His employement [sic] was that of journeyman electrician, and he had received the union wage scale for journeyman electrician of $3.88 per hour from the time of his employment through the day of his death. During this entire period, he worked a normal 40 hour week for said company and was paid accordingly.
“On the day of his death, he was engaged in a trip for the Coleman Electric Company to Wakeeney, Kansas. The purpose of this trip was to pick up and return to the home office in Pueblo certain electric contracting parts, equipment and tools belonging to his employer the Coleman Electric Company. The Coleman Electric Company by agreement and custom paid automobile expenses, expenses for meals and lodging, and furnished a truck for such trips. It was not contemplated by the parties that Clarence Coleman would receive wages at *84 the regular union scale for this trip. It was contemplated that the trip would take place Friday night, Saturday and Sunday and that Clarence Coleman would return in time to do his normal days’ work on Monday.
“Similiar [sic] trips had been made by Clarence Coleman before under similiar [sic] conditions. Clarence Coleman was driving at the time of his death a 1960 Ford Falcon pick-up truck owned by the Coleman Electric Company and titled in its name.
* * *
“It has been agreed by and between these parties that Clarence Coleman was killed in an accident arising out of and within the course of his employment. * *
The referee of the Commission, considering only the Agreed Statement of Fact, made an award granting compensation to Claimant. The amount of the award was based on deceased’s earnings of $3.88 per hour for a forty-hour week, being weekly earnings of $155.20.
This award was reviewed and affirmed by the Commission and reviewed and affirmed by the district court.
The Fund is here by writ of error seeking reversal, contending that:
1. At the time of the accident decedent was not employed as a journeyman electrician, but was employed under a different contract of hire “for a nominal consideration for the performance of a different kind of work and with no pay contemplated on an hourly basis.”
2. Under this second and different contract of hire, with no wages, compensation should be computed on the basis of a minimum rate of $10.00 per week.
We find no merit in these contentions. Deceased had one job, he was working for one employer. He earned $155.20 per week. In making the fatal trip, deceased was on a mission in connection with the business of his employer, he was procuring articles needed for the continuation of his employer’s business and to the end that he might be continued in his then employment.
*85 Among other findings of the referee is the following:
“Wage payable to decedent during his fatal journey is more difficult to determine. It is apparent from the Agreed Statement of Fact that decedent continued to be an employee of the respondent employer at all times when making trips such as his last journey. His duties at this time were of a different character but did not constitute a new contract of employment. His trips without wage were in the nature of a service rendered to enhance his value as an employee rather than a new arrangement. It would put a strained interpretation upon these facts to assume his employer would not consider his wage value to be the same as that paid for his other work.”
The Agreed Statement of Fact warrants this conclusion of the referee.
The Fund refers us to Lyttle v. State Fund, 137 Colo. 212, 322 P.2d 1049, and contends that case is controlling here. There, Claimant had regular employment as the editor and publisher of a newspaper and for which he received a salary or wages. Claimant was also Chairman of the Colorado Game and Fish Commission for which he received no salary or wages. He was unpaid while performing duties in connection with this office. Lyttle clearly was serving two masters, his jobs and duties connected with each were wholly unrelated. Each employer was answerable for compensation benefits. That situation is very different from the one here, where we have one employer, one business, electrical work, only one employer answerable for compensation benefits and one insurance carrier.
The present situation is similar to that where one is injured in going to his work, taking a bath after work, taking a coffee break, or crossing a street to get an evening meal at the close of the day’s work, as was the situation in Alexander Co. v. Ind. Comm., 136 Colo. 486, 319 P.2d 1074. There this court said:
“The right to compensation for an injury exists where *86 ‘both the service being performed and the injury sustained shall arise out of and in the course of the employment.’ Industrial Commission v. Anderson, 69 Colo. 147, 169 Pac. 135; O. P. Skaggs v. Nixon, 101 Colo. 203, 72 P. 2d 1102; C.R.S. ’53, 81-13-2. If what the employee is doing is an incident to, or a hazard of, his employment, in the course of which he is injured, it is connected with the employment in such manner as makes his injury compensable. Industrial Commission v. Anderson, supra; O. P. Skaggs v. Nixon, supra.”
See, also, Electric Mutual Liability Insurance Company, et al., v. Industrial Commission, et al., 154 Colo. 491, 391 P.2d 677.
Had the Fund contended that the deceased was not in the course of his employment at the time of the accident there might be some room for argument, but, having stipulated that there was one employer, that the accident arose out of and during the course of the employment, that deceased drew wages of $155.20 per week during all of the time he worked for Coleman, it is somewhat difficult to visualize the deceased as employed on another job with no wages.
The referee, the Commission and the trial court were not impressed with the Fund’s contentions, nor are we.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice Pringle concur.