No. 23290.

VERL M. BROWN *v.* INDUSTRIAL COMMISSION OF COLORADO AND STATE COMPENSATION INSURANCE FUND.
(447 P.2d 694)

Decided December 9, 1968.

Marshall Quiat, for plaintiff in error.

Alious Rockett, Francis L. Bury, Feay Burton Smith, Jr., for defendant in error State Compensation Insurance Fund.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice McWilliams.

Verl M. Brown, a 63-year-old self-employed plastering contractor, filed claim for workmen's compensation benefits as the result of two separate, though related, incidents wherein he allegedly sustained injury to his low back. The first incident occurred while Brown was pushing a wheelbarrow, and the second occurred a day later when he was carrying shingles up a ladder, both incidents taking place in and around a house which Brown and his crew were remodeling. After hearing,

the referee denied Brown's claim, finding that Brown had "failed to establish that the condition of which he complains is due to any accidental injury." The Industrial Commission affirmed the referee's order; whereupon, Brown sought judicial review of this action of the Commission.

The trial court remanded the matter to the Commission with the order that it make more explicit findings of fact. The Commission thereafter did make more detailed findings of fact and concluded by reaffirming its earlier determination that Brown's claim be denied. The entire matter was then transferred back to the trial court for its review. The trial court in turn, after hearing, affirmed the order of the Commission and by this writ of error Brown seeks reversal of the judgment thus entered by the trial court.

■ The Commission in its supplemental award, entered after the remand from the trial court, found that Brown had degenerative changes in his low back *prior* to the incidents complained of, and although the incidents "could" have aggravated these degenerative changes, still, according to the Commission, it would be "pure speculation" for it to conclude that the aforesaid "incidents" did in fact aggravate the pre-existing degenerative condition. It was on this general basis that the Commission reaffirmed its earlier determination that Brown failed to sustain his burden of proof and that his claim should therefore be denied.

■■ Our review of the record convinces us that the Commission's order must be upheld. Certainly there is much evidence that Brown suffered a rather long-standing degenerative condition in his low back *prior* to the two incidents of which he now complains. As above indicated, while pushing a wheelbarrow, Brown complained about a sudden onset of pain in his lower back. Then, on the following day, he experienced the same sudden pain while carrying shingles up a ladder. Whether either of these two incidents aggravated his

pre-existing back condition posed an issue of fact which has now been determined by the Commission. And it is the Commission, not the courts, which is the fact-finding body. Certainly the testimony and medical reports of Dr. Holt cast serious doubt as to any cause-effect relationship between the two incidents above referred to and the injury now complained of by Brown. And the burden of proof rests on the claimant to establish a "direct casual relationship" between his employment and his injury. *Finn v. Industrial Commission,* 165 Colo. 106, 437 P.2d 542. On the basis of the record before us, we are not at liberty to overrule the finding of the Commission that Brown has not sustained this burden of proof.

It is also argued that under the circumstances the trial court had no authority to remand the matter to the Commission for the making of more detailed findings of fact. As we understand it, counsel does not challenge the general right of a trial court to remand a workmen's compensation case to the Commission where that body has failed to make explicit findings on crucial and disputed issues of fact. But he does contend that the trial court did not have the right to remand in the instant case because the referee who initially heard the matter had in the meantime left the employ of the Commission. This argument is not tenable. In *Zuzich v. Leyden Co.,* 120 Colo. 21, 206 P.2d 833 it was declared to be the legislative intent that findings of fact as made by the Commission, if supported by the record, are binding on the courts, even though the Commission "has never seen the witnesses." And it should be remembered that in proceedings of this type the courts are reviewing the award of the Commission, and not the action taken by the referee.

The judgment is therefore affirmed.

MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.