Opinion by
Mr. Justice McWilliams.
This is a workmen’s compensation case wherein the Industrial Commission denied the claim of one Frank T. Albo for permanent partial disability benefits. Upon judicial review of this award the trial court, in effect, vacated the award and ordered that Albo be compen *469 sated for permanent partial disability “in the amount of 10% as a total body unit at the maximum rate of S43.75 per week then in force.” By writ of error the Commission, the State Compensation Insurance Fund and Fortino-Jackson Chevrolet Company (Albo’s employer) seek reversal of the judgment thus entered by the trial court.
Albo was a body shop foreman for Fortino-Jackson Chevrolet Company and in 1959 and 1962 he suffered injury to his low back as the result of industrial accidents arising out of and in the course of his employment with that company. On each of those occasions he was awarded certain workmen’s compensation benefits, though on neither was he granted any permanent partial disability.
On February 16, 1965 Albo reinjured his low back and it is this particular incident out of which the present controversy arises. In connection therewith Albo testified that he injured his low back while “jacking up” a damaged car. He explained by stating that he was jacking up the vehicle so that he could place a block of wood between the frame and the body in order to “clear the wheel from the body.” While thus jacking up the car Albo said he felt a pain in his low back. Albo first described this particular pain as being only a “mild pain.” Later, however, in his testimony he referred to it as a “sharp pain.” In any event, he continued to jack up the car. He testified that he then crawled under the car for the purpose of putting a block between the frame and the body, and that as he “reached over to put this block under there, there came the pain.” And this pain Albo described as “severe” to the end that he could hardly crawl out from under the vehicle.
Albo’s personal physician testified that in his opinion Albo aggravated a preexisting condition in the accident of February 16, 1965 and that at the time of the hearing before the Commission Albo had sustained a 10 %> “total body disability.” This witness was unable to testify as *470 to just how much of this disability could be fairly attributed to the injury sustained on February 16, 1965, though in his own mind he was nonetheless certain that “the February 1965 injury made matters worse.”
The Fund called as its only witness a doctor who had examined Albo once, some 15 months after the accident here under consideration. In fairness to this witness, however, it should be noted that this particular doctor had also examined Albo in connection with one of his earlier accidents. This witness admitted that Albo may well have aggravated a preexisting condition in the incident occurring on February 16, 1965, but he explained that in his opinion any such aggravation was only temporary in nature. And the witness then went on to testify that in his opinion Albo did not sustain any permanent disability as a result of the 1965 accident, and he detailed the reasons for his conclusion.
As indicated, the Commission denied Albo’s claim for permanent partial disability benefits, noting that “there is no evidence, beyond speculation that the claimant suffered any permanent partial disability as a result of this admitted industrial accident.” Upon judicial review the trial court found that as a matter of law Albo had sustained permanent partial disability in the accident of February 1965 and that “the Commission insofar as it found no evidence beyond speculation to the contrary was acting in excess of its power.” It was on this general basis that the trial court vacated the award of the Commission and ordered that Albo be given permanent partial disability benefits on the basis of a 10% disability as a total working unit. In so doing the trial court committed error and under the circumstances of the case, which have been briefly summarized above, its judgment must be reversed.
Certainly the testimony of the Fund’s doctor posed a disputed issue of fact as to whether Albo sustained any permanent disability in the accident of February 1965. And this was recognized by the trial *471 court when it observed that the Fund’s doctor was of the opinion that Albo “had a bad back by reason of an arthritic condition” and that the doctor “was not able to establish a relation between the condition of claimant’s back and the accident upon which claim was being made.” However, the trial court apparently discounted the testimony of this witness in its entirety for the reason that the doctor was said to have been given by Albo an “incomplete” history of the circumstances surrounding the accident. In this regard the doctor testified that Albo in relating the details of the accident only mentioned to him the pain incurred when he was actually placing the block between the frame and the body of the damaged car and that Albo made no mention of any onset of pain while jacking up the vehicle. Whether this personal history be deemed complete or incomplete, the fact still remains that under the circumstances such would only go to the weight to be accorded the doctor’s testimony. It is to be noted that when the doctor was cross-examined on this matter, he did not in anywise modify his opinion that “this particular accident did not permanently aggravate Albo’s back.” This is not a situation, then, where the evidence before the Commission was undisputed; rather it is a situation where the evidence regarding the issue of permanent partial disability, or no, was in conflict. Hence, the cases cited by counsel holding that where the evidence in a workmen’s compensation case is not in dispute, the reviewing court may consider the evidence as constituting findings of fact, are inapplicable.
Suffice it to say, then, this is but an instance where the trial court erred in substituting its judgment for that of the Commission on the disputed factual issue as to whether Albo sustained any permanent injury as a result of the accident of February 16, 1965. There being evidence to support the finding of the Commission, its determination of the matter must be upheld by us. The present controversy is similar to that presented by *472 Brown v. Industrial Commission, 167 Colo. 391, 447 P.2d 694. See also, University of Denver v. Johnston, 151 Colo. 465, 378 P.2d 830, where we held that it was error for a reviewing court to vacate the findings and conclusions of the Commission and enter findings and conclusions of its own.
The judgment is reversed and the cause remanded with direction that the trial court enter judgment affirming the award of the Commission.
Mr. Chief Justice Moore, Mr. Justice D:ay and Mr. Justice Groves concur.