MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
Claimants, Edward A. Brandhorst and LeRoy William Bonger, were injured in an automobile accident. The Industrial Commission awarded benefits to both claimants under the Workmen’s Compensation Act. The employer, the City and County of Denver, School District No. 1, appealed this award and the court of appeals set aside the order of the Commission. 40 Colo. App. 218, 575 P.2d 439 (1977). We granted certiorari to review the decision of the court of appeals. We reverse.
Both claimants were employed by the City and County of Denver, School District No. 1, as counselors at South High School. Their normal work day was from 7:30 a.m. to 2:45 p.m. with a 45-minute lunch period which would vary from day to day.
On the day of the accident, the students were dismissed early because of a required teachers’ meeting. Claimants’ lunch period on this day was from 10:55 a.m. until 12:00 noon, at which time they were required to be at the school for the teachers’ meeting. Normally teachers had the option of going off the school premises for lunch or eating at the school cafeteria. However, on the day of the accident, the school cafeteria was closed. Claimants and some of their co-employees decided to drive to a restaurant for lunch. During the trip to the restaurant, the claimants were injured.
The only question presented for our review is whether the Industrial Commission was wrong, as a matter of law, in finding that the claimants’ accident occurred within the scope of their employment as required by section 8-52-102, C.R.S. 1973 (1976 Supp.).
In a previous case we determined that injuries sustained by an employee who had left his place of employment to go home to eat were compensable under the Workmen’s Compensation Act. Carlile Corp. v. Antaki, 162 Colo. 376, 426 P.2d 549 (1967). In Antaki, the employee, while driving an automobile furnished him by his employer was involved in an accident en route to his home. The employee intended to return to work after his meal.
*133 The court of appeals in setting aside the Commission’s award in the instant case interpreted the award in Antaki as based on the fact that the employer had furnished transportation for the employee. The court of appeals found no similar special circumstances which would permit recovery in this case.
We do not find that the furnishing of an automobile, while a fact to be considered, was necessarily the determinative fact in Antaki. The totality of the circumstances must be examined in each case to see whether there is a sufficient nexus between the employment and the injury so that it may be said that the accident occurred within the scope of employment. See, Stark v. L. E. Myers Co., 58 Mich. App. 439, 228 N.W.2d 411 (1975).
In the instant case the claimants were required to return to the school for a teachers’ meeting in the afternoon and they did not have their normal option of eating lunch at the school cafeteria. Under these circumstances, we hold that there was sufficient evidence in the record to support the finding of the Industrial Commission that claimants were acting within the scope of their employment when injured. The court of appeals therefore erred in reversing the award. E.g., Industrial Commission v. Albo, 167 Colo. 467, 447 P.2d 1006 (1968), and Skinner v. Industrial Commission, 152 Colo. 97, 381 P.2d 253 (1963).
The decision of the court of appeals is reversed and the cause is remanded to it with directions to reinstate the order of the Industrial Commission.
MR. JUSTICE GROVES, MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN do not participate.