**CF & I STEEL CORPORATION, a Colorado corporation, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, an agency of the State of Colorado; Charles McGrath, Director of the Division of Labor, and Henry Martinez, Respondents.**

**No. 81CA1122.**

Colorado Court of Appeals, Div. I.

July 22, 1982.

Welborn, Dufford, Cook & Brown, William A. McLain, Gregory A. Ruegsegger, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of Colo. and Charles McGrath.

Edward J. Scheunemann, Denver, for respondent Henry Martinez.

TURSI, Judge.

CF & I Steel Corporation (employer) seeks review of the decision of the Industrial Commission affirming an order of a referee awarding workers' compensation benefits to Henry Martinez (claimant). We affirm.

As a condition of his employment, claimant was required to purchase safety shoes. While at work, wearing shoes so purchased, claimant developed blistering on a foot on which he had previously suffered severe burns. Claimant reported the blistering and was treated in employer's medical department. However, the condition became so aggravated as to require hospitalization and skin grafting.

The employer contested the claim for compensation, alleging that claimant had not sustained an "accident" arising out of the course of his employment. The referee concluded that, under the 1975 amendments to the Workmen's Compensation Act, the operative word in determining entitlement to workers' compensation benefits is "injury" and not "accident," and the operative fact is whether the injury bears a sufficient causal relationship to the employment. The referee found that the facts were sufficient to establish the required causal connection and thus awarded compensation.

The employer petitioned for review to the Industrial Commission. The Industrial Commission affirmed the order, finding that the hearing officer's determination was based on competent and sufficient evidence and was in accord with applicable law. The Commission in its order went on to say that the nature of the injury sustained by the claimant also fit within the definition of occupational disease as contained in § 8–41–108(3), C.R.S. 1973 (1981 Cum. Supp.).

The employer here argues that the Commission erred in finding that the claimant's injuries fit under the definition of occupational disease. Claimant argues that he is entitled to compensation if he sustained an injury under the conditions set forth in § 8–52–102, C.R.S. 1973 (1981 Cum. Supp.), and that it is immaterial whether the injury was an accident as defined in § 8–41–108(1), C.R.S. 1973, or an occupational disease as defined in § 8–41–108(3), C.R.S. 1973 (1981 Cum. Supp.). We agree with claimant.

In 1975, the General Assembly made extensive amendments to the Workmen's Compensation Act and incorporated therein compensation for occupational diseases, which formerly had been treated in a separate article. In reworking the "Conditions of Recovery" under the Act, the General Assembly amended § 8–52–102 by striking all references to the word "accident" and substituted the word "injury" therefor. "[T]hese amendments had the effect of broadening the scope of compensable injury under the act." *Kandt v. Evans,* 645 P.2d 1300 (Colo. 1982). *See City & County of Denver School District No. 1 v. Industrial Commission,* 196 Colo. 131, 581 P.2d 1162 (1978). The amendment also explicitly includes occupational diseases and states that compensation shall be paid whether injury or death is occasioned by injury or occupational disease.

The Commission found on substantial evidence that the necessary causal relationship between the injury and the employment existed and that claimant sustained disability as a result thereof. These findings are well within the purview of § 8–41–108(1) which broadens the definition of "accident" to become coextensive with "injury" as used in § 8–52–102.

Since we hold that the Commission correctly affirmed the award entered by the referee, we do not reach whether the injury sustained by the claimant also fit within the definition of occupational disease.

The order is affirmed.

COYTE and VAN CISE, JJ., concur.