F.R. ORR CONSTRUCTION, Petri Vappi Construction, Liberty Mutual Insurance Company, and Wausau Insurance Company, Petitioners,

v.

Eugene R. RINTA, The Industrial Commission of the State of Colorado, Blackington & Decker, and Commercial Union Insurance Company, Respondents.

Nos. 84CA1092, 84CA1096.

Colorado Court of Appeals,
Div. I.

Sept. 26, 1985.

Rehearing Denied Oct. 31, 1985.

Certiorari Denied March 31, 1986.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for petitioners F.R. Orr Const. and Wausau Ins. Co.

Zarlengo, Mott, Zarlengo & Winbourn, Lynn P. Lyon, Denver, for petitioners Petri Vappi Const. and Liberty Mut. Ins. Co.

Gordon F. Jorgensen, P.C., Gordon F. Jorgensen, Denver, for respondent Eugene R. Rinta.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

James R. Clifton & Associates, Patricia M. Ayd, Denver, for respondents Blackington & Decker and Commercial Union Ins. Co.

KELLY, Judge.

In these consolidated cases, F.R. Orr Construction (F.R. Orr) and its insurer, Wausau Insurance Company, together with Petri Vappi Construction (PVC) and its insurer, Liberty Mutual Insurance Company, seek review of an order of the Industrial Commission which held them liable for medical expenses and separate periods of temporary total disability suffered by Eugene Rinta. They contend that the Commission exceeded its fact-finding authority under § 8–53–111(7), C.R.S. (1984 Cum. Supp.). Insofar as the order assigned liability to petitioners, we set the order aside.

Claimant was a carpenter, and on July 7, 1981, he was hired by respondent Blackington and Decker (B & D), a construction company. While lifting forms weighing 50 to 80 pounds, he experienced a sharp pain in his shoulder. The pain made hammering difficult, but claimant did not report any injury prior to being laid off on July 13, 1981.

Despite continued "aching" in the shoulder, claimant accepted a carpentry job with F.R. Orr on August 24, 1981. The work required claimant to use a hand sander, and he noticed a marked increase in shoulder pain. The pain became so intense that claimant quit the job on September 4.

Thereafter, he sought medical attention and was referred to Dr. Maruyama, an orthopedic physician. Dr. Maruyama saw claimant on October 5, diagnosed "peritendinitis," and gave claimant an injection.

Claimant returned to work for F.R. Orr on October 24, 1981, and remained on the job until November 6 when the work was completed. During this period claimant experienced continued discomfort in the shoulder.

On December 3, 1981, claimant accepted a job with PVC. During his employment with PVC, claimant's shoulder became so painful that he "couldn't even hammer." He was laid off on December 10 because he had an appointment to see Dr. Holt, an orthopedic physician.

Dr. Holt treated claimant with an injection of Celestone and Xylocaine. When claimant's symptoms did not show long term improvement, Dr. Holt, on March 2, 1982, performed surgery and discovered that claimant had a torn rotator cuff. The

tear was repaired, and the "long biceps tendon was transferred to the short head of the biceps."

Subsequently, claimant has been unable to return to work. He has restricted motion in his arm, and may not repetitiously lift more than 10 pounds, or 25 pounds occasionally.

The record contains little medical evidence concerning the etiology of claimant's injury. However, Dr. Holt noted that claimant did not "give the history of a specific traumatic episode," but did "give the history that his symptoms began on the job while performing vigorous activities using his upper extremity." Consequently, Dr. Holt opined "that this injury occurred on the job or at least was aggravated by his working."

The referee found that claimant, while in the employ of B & D, suffered a rotator cuff injury on July 7, 1981, from lifting forms. As a result of the injury, the referee concluded that claimant was temporarily disabled after December 10, 1981, and ordered B & D to pay medical benefits and temporary total disability benefits, less applicable set-offs. The referee further found that the "record is void of competent evidence" that an industrial injury occurred at any time other than July 7, and thus, dismissed the claims against F.R. Orr and PVC.

The Commission made findings substantially different than those of the referee, and reached a contrary conclusion. It found that claimant's "condition first manifested itself" when claimant worked for B & D. However, it stated that the B & D employment created a "pre-existing condition" which was aggravated during the F.R. Orr and PVC employments.

Citing *Vanadium Corp. v. Sargent*, 134 Colo. 555, 307 P.2d 454 (1957), the Commission held that under these circumstances the employer responsible for the aggravation must pay all temporary disability payments without apportionment. Consequently, the Commission ordered F.R. Orr to pay claimant for medical costs and temporary total disability between September

5, 1981, and October 23, 1981. It also ordered PVC to pay medical costs and temporary total disability benefits commencing March 2, 1982.

I.

F.R. Orr and PVC contend that the Commission exceeded its fact-finding authority by finding that claimant "aggravated" his shoulder injury while in their employ, thereby rendering them liable for benefits. Citing § 8–53–111(7), C.R.S. (1984 Cum. Supp.), they argue that the referee's finding that there was no injury subsequent to July 7, 1981, constituted an "evidentiary" fact binding on the Commission unless unsupported by substantial evidence. We agree with this argument.

Evidentiary facts form the basis of an "ultimate fact," but do not involve conclusions of law or determinations of mixed questions of law and fact. *Krumback v. Dow Chemical Co.*, 676 P.2d 1215 (Colo. App.1983). In *Baca v. Helm*, 682 P.2d 474 (Colo.1984), our supreme court stated that "whether an injury 'caused' a disability, in the sense that the injury had a particular role in the chain of events leading to the disability, is a question of evidentiary fact, to be determined according to the weight and sufficiency of the evidence."

■ Similarly, whether a claimant has suffered a physical injury or has aggravated a pre-existing condition is a question of evidentiary fact. Such a determination is a historical matter which may be ascertained from the evidence, but does not resolve the ultimate liabilities of the parties. Neither does the finding involve the application of controlling legal standards to the facts. *Krumback v. Dow Chemical Co., supra.* Here, the referee determined that claimant suffered no "aggravation" of his shoulder injury while working at F.R. Orr and PVC, and, under § 8–53–111(7), C.R.S. (1984 Cum.Supp.), the Commission could not alter this finding if it is supported by substantial evidence.

■ The Commission and B & D urge us to sustain the Commission's order on the

grounds that there is not substantial evidence to support the referee's finding. Substantial evidence is probative evidence "which would warrant a reasonable belief in the existence of facts supporting a particular finding, without regard to the existence of contradictory testimony or contrary inferences." *Rathburn v. Industrial Commission*, 39 Colo.App. 433, 566 P.2d 372 (1977). Applying this standard, we conclude that there is substantial evidence to support the referee.

It was conceded by the Commission that the initial "injury" occurred while claimant worked for B & D. Subsequently, claimant experienced continuous pain which, admittedly, was more intense while working for F.R. Orr and PVC. However, the referee could and did infer that the pain, both on the job and off, was a logical and recurrent consequence of the July injury, rather than an "aggravation" of that injury. *See Brown v. Industrial Commission*, 167 Colo. 391, 447 P.2d 694 (1968); A. Larson, *Workmen's Compensation Law* § 95.23 (1984).

It follows that the Commission's order must be set aside insofar as it contains a finding that claimant aggravated a pre-existing condition while working for F.R. Orr and PVC. However, this error did not taint its conclusions concerning the periods of temporary disability. Because the Commission's disability findings differed only slightly from those of the referee, and because no party petitioned to review the Commission's disability findings, we uphold the Commission's findings in this regard.

This resolution moots the contention of F.R. Orr and Wausau that the Commission erred in failing to consider their motion to dismiss.

### II.

█ B & D seeks to avoid the foregoing result by arguing that the facts demonstrate that claimant suffers from an occupational disease as defined in § 8–41–108(3), C.R.S. (1984 Cum.Supp.), rather than an accidental injury. Therefore, B & D reasons that, under § 8–51–112(1), C.R.S.

(1984 Cum.Supp.), PVC should be made liable for all compensation payments since claimant suffered his "last injurious exposure" at PVC.

The foregoing argument constitutes an attack on the Commission's findings and conclusions rather than a defense of its order. Consequently, B & D's failure to file a petition to review, as required by §§ 8–53–119(1) to 8–53–119(3), C.R.S. (1984 Cum.Supp.), deprives this court of jurisdiction to consider the argument. *See Stearns-Roger Manufacturing Co. v. Casteel*, 128 Colo. 289, 261 P.2d 228 (1953); *Delta v. Thompson*, 37 Colo.App. 205, 548 P.2d 1292 (1975).

### III.

█ Finally, relying on the provisions of § 8–45–102(1), C.R.S. (1984 Cum.Supp.), B & D argues that if the referee's order is reinstated, it is entitled to a set-off because claimant discovered his injury on March 2, 1982, the date of surgery, but did not give notice until December 17, 1982. For the reasons stated above, we conclude that B & D's failure to file a petition to review the Commission's order precludes us from considering this argument. However, we note that there are still proceedings pending before the referee, and we reach no conclusion concerning B & D's right to seek relief before the Commission in those proceedings.

The order of the Industrial Commission is set aside insofar as it held that B & D is not liable to pay compensation, and instead, placed liability on F.R. Orr and PVC. The Commission's order is otherwise affirmed. The cause is remanded for further proceedings.

PIERCE and BABCOCK, JJ., concur.