Stella MARTINEZ, Petitioner,

v.

**REGIONAL TRANSPORTATION DIS-TRICT, The Industrial Claim Appeals Office of the State of Colorado and Division of Workers' Compensation, Respondents.**

No. 91CA0857.

Colorado Court of Appeals,
Div. I.

Jan. 30, 1992.

Rehearing Denied March 5, 1992.

Certiorari Denied July 7, 1992.

Green & Josefiak, P.C., Mary M. Josefiak, Denver, for petitioner.

Rolf G. Asphaug, Denver, for respondent Regional Transp. Dist.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas S. Parchman, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Div. of Workers' Compensation.

Opinion by Judge SMITH.

Stella Martinez, claimant, contests a final order of the Industrial Claim Appeals Panel which partially denied her petition to reopen a workers' compensation injury claim (W.C. 3–811–355) and dismissed her claim

for an occupational disease (W.C. 3–891–858). We affirm.

The claimant sustained an admitted ankle injury in January 1986, for which she received medical benefits and temporary total disability. The claim was subsequently closed by virtue of an uncontested final admission filed in December 1986, wherein the employer, Regional Transportation District, admitted liability for permanent partial disability.

In 1988, claimant filed a claim for occupational disease arising out of the 1986 accident and a petition to reopen the 1986 accidental injury claim on the ground of mistake. Claimant alleges that she suffers from knee and back conditions and contends that these problems were either caused by the original ankle injury, or are the result of an occupational disease.

The Administrative Law Judge (ALJ) rejected both theories, but granted claimant an award of temporary partial disability benefits for a five-week period following the 1986 ankle injury. The Panel affirmed the ALJ's order.

Claimant contends that the ALJ's findings of fact are erroneous as a matter of law, arguing that it is a matter of common knowledge that "a broken ankle throws off balance of [sic] the rest of the extremity all the way up to the back." We are not persuaded.

■ There is no principle more fundamental to appellate jurisprudence than the maxim that an appellate court does not decide the facts and may not substitute its judgment for that of the fact-finder. *Industrial Commission v. Albo*, 167 Colo. 467, 447 P.2d 1006 (1968); *see also Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). This principle is statutorily mandated by § 8–43–308, C.R.S. (1991 Cum.Supp.) and restricts our court to a review of *legal* errors in workers' compensation cases. *See Hatterman v. Industrial Commission*, 171 Colo. 370, 467 P.2d 820 (Colo. 1970).

Therefore, since the factual findings in this case are supported by substantial, competent evidence, they are binding on review. Section 8–43–308; *Seifried v. Industrial Commission*, 736 P.2d 1262 (Colo. App.1986).

■ The claimant next contends that the ALJ committed reversible error in excluding from consideration a document submitted by the claimant entitled "Public Records Brought to the Court's Attention Regarding the Weight that Should be Given to [a particular doctor's] Testimony." Claimant contends the ALJ's order is so tainted with bias that this court may decide the case *de novo*. These contentions are, again, without merit.

The excluded document allegedly summarized 18 cases reported in the *Jury Verdict Reporter* in which the doctor in question had been a witness. Claimant requested that, in assessing the weight to be given that doctor's opinion, the ALJ take judicial notice of the fact that he "almost always testifies for the defendant." However, the summary provided for the ALJ's consideration was not sworn or attested to by any witness.

Judicial notice is limited to adjudicative facts. CRE 201; *Larsen v. Archdiocese of Denver*, 631 P.2d 1163 (Colo.App.1981). Even if we assume that the court records cited by the claimant are subject to judicial notice under CRE 201(b), a tribunal is not required to take judicial notice unless it has been supplied with the specific facts, records, or documents that are the subject of the request. CRE 201(d). Otherwise the request is discretionary with the tribunal. CRE 201(c). *Durbin v. Bonanza Corp.*, 716 P.2d 1124 (Colo.App.1986).

Here, the ALJ was not obligated to verify the contents of the 18 different state and federal district court records cited by the claimant, and consequently, there was no abuse of discretion in the ALJ's refusal to consider the summary of those cases. *See Durbin v. Bonanza Corp., supra.*

■ Next, we address the employer's motion for sanctions under C.A.R. 38(d) for the prosecution of a frivolous appeal. Previously, this court lacked authority to impose sanctions under C.A.R. 38(d) in workers' compensation cases. *Natkin & Co. v.*

**1062**

*Eubanks,* 775 P.2d 88 (Colo.App.1989). However, in 1991, the General Assembly enacted amendments to the Workers' Compensation Act which, among other things, authorized the imposition of sanctions under C.A.R. 38(d). Section 8–43–307(4), C.R.S. (1991 Cum.Supp).

The employer asserts that the amendment to § 8–43–307 was procedural or remedial in nature and should be applied retroactively. We do not agree.

Even if we assume, without deciding, that the 1991 amendment was procedural or remedial in nature, it does not automatically follow that the statute can be applied retrospectively.

Although a change in procedural law is generally applicable to existing causes of action, this rule is inapposite when the General Assembly has expressed a contrary intent. *See Davis v. State Board of Psychologist Examiners,* 791 P.2d 1198 (Colo.App.1989); *Suley v. Board of Education,* 633 P.2d 482 (Colo.App. 1981).

Here, the General Assembly specified that the 1991 amendments to the Workers' Compensation Act were to take effect on July 1, 1991, and were to apply to cases in which a worker's injury occurred "on or after said date." Colo.Sess.Laws 1991, ch. 219, at 1342. That expressed intent of General Assembly is dispositive. Thus, we cannot apply the 1991 amendments retroactively to cases such as the present one, in which a work injury occurred *prior* to July 1, 1991.

Accordingly, the employer's motion to impose sanctions under C.A.R. 38(d) is denied.

The order is affirmed.

PIERCE and DAVIDSON, JJ., concur.